HAYWOOD *v.* STATE.

Opinion delivered May 3, 1920.

LARCENY—EVIDENCE AS TO INTENT.—In a prosecution for larceny of a baseball mitt, a fielder's glove and a baseball, where it appeared that defendant had been accustomed to play ball with the owners of the article taken, and that he reached in through an open window at noon and took the above articles from a table with the purpose, as he contended, of playing with them and then returning them to the owner, it was error to refuse to permit defendant to testify that there were other mitts and a ball lying on the table at the time of the alleged theft; such evidence being competent to show defendant's intent.

Appeal from Sebastian Circuit Court, Greenwood District; *John Brizzolara,* Judge; reversed.

*Robert A. Rowe,* for appellant.

*John D. Arbuckle,* Attorney General, and *J. B. Webster,* Assistant, for appellee.

Confess error. Kirby's Digest, §§ 2340, 2346; 44 Ark. 332.

WOOD, J. The appellant was convicted of the crime of petit larceny. The property alleged to have been stolen was one baseball mitt, one baseball and one fielder's glove.

The facts, so far as it may be necessary to state them, are that A. McCowne, the agent, and Fred McKinney, car repairer for the Missouri Pacific Railway Company at Greenwood, Arkansas, owned two baseballs and three mitts, with which they and other boys, including the appellant, played ball around the depot. At noon on Sunday in the spring or summer of 1919, the appellant passed the depot, the window at the ticket office was up and there were two balls and three mitts lying on the table. He took one of the balls and two of the mitts. The contention of the appellant is that he did not take the ball and mitt and glove with the intention of stealing the same, but only for the purpose of playing with them and then of returning them to the owner. The appellant testified that other boys were with him; that he did not break into the depot; that it was daylight.

The court, over the objection of the appellant, refused to permit the appellant to testify that there were other mitts and a ball lying on the table there at the depot at the time of the alleged theft.

The court erred in refusing to permit the above testimony to go to the jury. This testimony was competent as tending to shed light upon the intention of the appellant. It was a circumstance which the jury should have been allowed to consider in determining whether the appellant at the time that he took the articles did so with the intent of converting the same to his own use and thereby depriving the owner permanently of his property.

"The mere fact of the taking and carrying away does not raise a presumption of guilt or that the taking was to steal or *lucri causa*, for the sake of profit or gain; but such felonious or criminal intent must be shown by circumstances connected with the taking." *Mason* v. *State*, 32 Ark. 239.

The error in refusing to permit this testimony to go to the jury was prejudicial.

The Attorney General confesses error on another issue presented by the record, but inasmuch as the cause

must be reversed for the error indicated, we do not deem it necessary to discuss the confession of error.

The cause is reversed and remanded for new trial.