[Crim. No. 5921. First Dist., Div. Three. Oct. 3, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. SHIRLEY LORRAINE SCHULTZ, Defendant and Appellant.

Jerome Marks, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, John T. Murphy, Joyce F. Nedde and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Convicted of pandering (Pen. Code, § 266i), defendant was sentenced to prison. Execution of sentence was suspended and she was admitted to probation on condition, among others, that she serve one year in county jail. She appealed, and was released on bail pending appellate determination. The judgment was affirmed (*People* v. *Schultz*, 238 Cal.App.2d 804 [48 Cal.Rptr. 328]) and defendant commenced service of the one year in jail. A new charge had been filed against her charging that she again engaged in pandering after the trial court judgment and before remittitur. The district attorney moved to revoke probation and, after hearing, the motion was granted. Defendant was committed to prison

under the judgment which had been entered in January 1965, and the new charge was dismissed. Defendant appeals from the order of revocation.

 The ground of revocation was defendant's return to pandering after her admission to probation. But, argues defendant, this occurred during pendency of her appeal. Since she was free on bail during this time, she had not served the one year in county jail which was a "condition" to her probation. Thus, she says, she was not on probation at all, and no act of hers before she had served the year could be a violation of probation terms, or a ground for revocation.

The contention has been rejected (*People* v. *Jennings,* 129 Cal.App.2d 120 [276 P.2d 124]; see also *In re Osslo,* 51 Cal.2d 371, 377, fn. 6, 380 [334 P.2d 1]; Pen. Code, § 1243). Moreover, the argument defeats itself. The court had no power to suspend execution of sentence except as an incident to granting probation (*People* v. *Sidwell,* 27 Cal. 2d 121, 129 [162 P.2d 913]; *Oster* v. *Municipal Court,* 45 Cal.2d 134, 139, 141 [287 P.2d 755]). Thus the suspension itself, on defendant's theory, could be effective only if the year in county jail were served, an absurdity which would defeat the very portion of the probation order which defendant obviously wanted preserved.

There is no reason to hold that a probation order, merely because one of its terms requires incarceration in county jail, frees the defendant from all other probation terms until the prescribed time is served. Such a holding would frustrate the purpose and deter the use of the probation device. Nor can any equities be found in the situation of the particular defendant. She acted under no compulsion save greed in returning to her type of offense. It is a reasonable assumption that in computing her possible profit, defendant weighed the cost of revocation. It is too late for her now to revise that balance sheet.

 Defendant argues that her return to her illicit employment service was the result of entrapment. But entrapment was not shown as a matter of law (*People* v. *Benford,* 53 Cal.2d 1 [345 P.2d 928], and, if the issue were in fact raised at the revocation hearing, it has been resolved against her by the trial judge. The argument cannot avail her here.

Order revoking probation affirmed.

Salsman, J., and Bray, J.,* concurred.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.