Ronnie Dean MATTHEWS *v.* STATE of Arkansas

CR 78-186                                            578 S.W. 2d 30

Opinion delivered March 12, 1979
(In Banc)

*Seay & Bristow,* by: *Bill W. Bristow,* for appellant.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted in the Lawrence County Circuit Court on June 21, 1973, and sentenced to five years in the Department of Corrections with the last four years suspended on condition of good behavior. Appellant was released from the Department of Corrections with credit for one year served in December 1973. On January 31, 1978, after appellant had been released more than four years, the state filed a petition to revoke the suspended sentence for acts committed during the four years of the suspended sentence. The order of revocation was filed July 27, 1978. On appeal from the order of revocation held on July 6, 1978, appellant argues one point.

I.

THE TRIAL COURT ERRED IN NOT DISMISSING THE PROCEEDINGS BECAUSE THE PETITION WAS UNTIMELY FILED.

There is no dispute as to the facts or dates involved; therefore, it is simply a matter of law as to whether the petition for revocation was filed prior to the expiration of the part of the sentence which was suspended. The petition was filed within five years from the date of the sentence but more than four years after appellant's release from the Department of Corrections.

The trial court very frankly stated:

"I will risk it that the formula is that a man is on a suspended sentence for a full five-year period of time . . . ."

It is understandable that the court was not more positive because we have been furnished no case directly in point; neither have we been able to find an Arkansas case in our research. The appellant relied upon Ark. Stat. Ann. § 41-1206 (3) (Repl. 1977) which clearly states the suspended part of a split sentence commences to run upon release from custody. Appellee relies upon Ark. Stat. Ann. § 43-2324 (Repl. 1977). Each concedes if he is wrong the other is right.

Ark. Stat. Ann. § 41-1206(3), part of the Arkansas Criminal Code, was effective January 1, 1976. Therefore, it was not in force at the time of the pronouncement of sentence. However, Ark. Stat. Ann. § 43-2324 (Repl. 1977) concerns suspended sentences and the power to revoke. We readily agree that had appellant been placed on a five-year suspended sentence pursuant to § 43-2324 the court would have been authorized to revoke the suspension at any time during the full five years, for good cause shown.

We note the case of *Walker* v. *State,* 263 Ark. 485, 565 S.W. 2d 605 (1978), and it is the closest case in point we have found in Arkansas. In *Walker* there was a 15-year sentence with 14 of it suspended. The petition therein was filed within six years of pronouncement of sentence. Therefore, under either theory advanced herein, the court still retained the right to revoke the suspended sentence of Walker. Ark. Stat. Ann. § 41-1208 (Repl. 1977) provides a revocation may be had at any time before the expiration of the period of suspension. This statute does not answer the question presented because it does not define the period of suspension which follows that portion of a sentence which has been actively served in the Department of Corrections. It is clear under Ark. Stat. Ann. § 41-1206(3) that after January 1, 1976, the suspended portion commences to run upon release of the prisoner. We agree with the Commentary that pre-Code authority was silent as to when the period of probation commenced to run but clearly stated a suspended sentence was to commence upon a plea of guilty or verdict of guilty.

We find no authority or cases cited which hold that Ark. Stat. Ann. § 43-2324 gives a court authority to impose a separated sentence with the suspended portion to commence at a date later than the prisoner's release from active confinement. An article in 21 Ark. Law Review 255 indicates such sentence cannot be pronounced. Since there is no provision pursuant to § 43-2324 to determine the commencement of the suspended portion of a sentence following a period of confinement, we must look elsewhere. *State v. Lewis*, 226 N.C. 249, 37 S.E. 2d 691 (1946), held the court could not split the sentences in the manner so as to have the first part served and the second part suspended. In *State v. Johnson*, 220 La. 64, 55 So. 2d 782 (1951), it was held that a sentence could not be imposed in a manner to cause the second part of a sentence to be suspended. Admittedly, the statutes are not identical to § 43-2324 but are very similar. Applying the rationale of these cases and the lack of express statutory authority or precedent in Arkansas, we agree the suspended sentence commenced at the time appellant was released by the Department of Corrections.

An article in 147 ALR 656 addresses the question as it concerns the federal statute upon which the Arkansas law is predicated. Under probation or suspended sentences the federal courts cannot require the defendant to serve a part of the sentence and remain on suspension for the balance of the term pronounced.

Since the Department of Corrections had no control over appellant after he was released, he commenced serving the suspended sentence at the time of his release by them. Therefore, the four-year suspended sentence had expired prior to the filing of the Petition for Revocation in this case. Our decision is not that the new Code is controlling but that Ark. Stat. Ann. § 41-1206 (3) reduced the prior law to exactness in the matter of when a suspended sentence commences to run upon release from a period of confinement. Although it is included in the Arkansas Criminal Code, it is not a new manner of computing the running of time but clarifies the law as it existed prior to enactment of the Arkansas Criminal Code.

302

Reversed and dismissed.

HARRIS, C.J., dissents.