Christopher Riley BONGFELDT *v*. STATE of Arkansas

CA CR 82-51                                    639 S.W.2d 70

Court of Appeals of Arkansas
Opinion delivered September 15, 1982

*Joe O'Bryan* of *Thompson, O'Bryan & Martin,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Christopher Riley Bongfeldt was charged with the crime of burglary. He was found guilty of the lesser included offense of breaking and entering and appeals from that conviction. He contends the trial court erred both in refusing to suppress evidence of his confession and physical evidence which he contends was seized by warrantless search and also in not dismissing the charge for lack of speedy trial. We find no merit in these contentions. We agree, however, that the court committed prejudicial error in failing to instruct the jury on the lesser included offense of criminal trespass and in not excluding evidence of guilt of other offenses. As some of these points in which we find no error are likely to be raised at retrial of the case we address them, as well.

On the morning of May 12, 1981 the proprietor of Cook's Flying Service observed a siphon hose hanging from the gas tank of his pickup truck in front of the building. He discovered that a rear window had been broken and that a window through a partition to his private office had also been broken. Tools, which were used in gaining entry to that area, had been removed from the rear of the building into the front office. He found nothing else missing other than a bottle of acid which had been emptied outside the building onto the concrete, turning it white. He later found that a fuel tank containing gasoline was missing and called the police.

The police found footprints where the acid had been poured. The footprints which were of a white powdery appearance led to the truck and through the building and office. The prints were made by a tennis shoe with a distinctive tread. They learned that the appellant had lost his job at the hangar the day before the burglary occurred.

The officers went to appellant's apartment where they found these same white footprints leading from his car up a stairwell and into his apartment. The officers identified themselves and their purpose for being there and appellant invited them in stating that he saw no reason why he should not talk to them. The officers informed him of the burglary and of the footprints connecting him to it. While in the apartment they observed a pair of red tennis shoes in plain view. After examining the sole and detecting the odor of acid, they placed appellant under arrest and retained the shoes.

At the police station an officer read and explained appellant's *Miranda* rights. Appellant stated that he understood those rights, but he declined to make a statement at that time. A short time later he elected to waive his rights and gave a written statement in which he admitted breaking into the building to get keys to the truck from which he wished to siphon gasoline. He stated that he gained entrance to the hangar by breaking a window, admitting that he took tools from the back of the building and used them to break the lock on a sliding glass door. He found the truck keys and a short piece of hose. He stated that he emptied the bottle of acid on the concrete, intending to put siphoned gas in it. He placed the hose in the tank of the truck but was unable to siphon gas, so he left the hose there. He later found a gas tank in a boat stored in the hangar, removed it from the building and poured this gas into the tank of his car. He stated that he threw the empty tank into a ditch near the edge of the airport. The police found the gas tank where he said in his statement it would be found.

We first address those arguments concerning errors on which we base our decision to reverse and remand. While not questioning the court's instruction on breaking and enter-

ing, appellant contends that the trial court erred in refusing to give also an instruction on criminal trespass as a lesser included offense of burglary. We agree.

Ark. Stat. Ann. § 41-105 (2) (Repl. 1977) defines lesser included offense as one which is established by proof of the same or less than all of the elements required to establish the offense charged. Appellant was charged with burglary under Ark. Stat. Ann. § 41-2002 (1) (Repl. 1977) which provides that one commits the felony of burglary by entering or remaining unlawfully in an occupiable structure with the purpose of committing any offense punishable by imprisonment. Ark. Stat. Ann. § 41-2004 (Repl. 1977) provides that one commits criminal trespass, a misdemeanor, by purposely entering or remaining unlawfully on the premises of another. The crime is complete upon finding that there has been an unlawful entry. No intent to engage in further unlawful conduct is necessary. The punishment is enhanced if the premises is an occupiable structure. The two offenses differ only as to the requirement of criminal intent at the time of the unlawful entry. Criminal trespass meets all of the requirements of being a lesser included offense of burglary. The Supreme Court held so expressly in *Grays v. State,* 264 Ark. 564, 572 S.W.2d 847 (1978).

It is reversible error to refuse to give a correct instruction on a lesser included offense and its punishment when there is testimony furnishing a reasonable basis on which the accused may be found guilty of the lesser offense. *Caton & Headley v. State,* 252 Ark. 420, 479 S.W.2d 537 (1972); *Glover v. State,* 273 Ark. 376, 619 S.W.2d 629 (1981). Where there is no evidence tending to disprove one of the elements of the larger offense the court is not required to instruct on the lesser one because absent such evidence there is no reasonable basis for finding an accused guilty of the lesser offense. In this type of case the jury must find the defendant guilty either of the offense charged or nothing. *Grays v. State, supra; Barksdale v. State,* 262 Ark. 271, 555 S.W.2d 948 (1977); *Lovelace v. State,* 276 Ark. 463, 637 S.W.2d 548 1982); *Fisk v. State,* 5 Ark. App. 5, 631 S.W.2d 626 (1982). Where, however, there is the slightest evidence tending to disprove one of the elements of the larger offense, it is error

to refuse to give an instruction on the lesser included one. *Brewer* v. *State*, 271 Ark. 254, 608 S.W.2d 363 (1980).

In this case there was evidence presented on which the jury might have found appellant's entry was without the criminal intent required for conviction of the larger offense. While he made no mention of it in his in-custody statement, appellant testified at trial that he entered the building intending to borrow the gasoline and to pay the owner for it the next morning. While it appears most unlikely, the jury could have believed that testimony and could have found that the criminal intent required for conviction of the larger offense was lacking. In other words, it was not impossible for the jury to have found appellant guilty only of criminal trespass. Where one takes the property of another without his permission but with the present intention of returning it or of paying the owner for it later, he is not guilty of theft. *Mason* v. *State*, 32 Ark. 238 (1877); *Haywood* v. *State*, 143 Ark. 576, 219 S.W. 750 (1920); 52A C.J.S. 448, *Larceny* § 25 (a). Of course this rule is restricted to the borrowing of such items as are readily replaceable by a person who has the power to restore or replace them. The items taken by this appellant were of such a character. We conclude that it was prejudicial error of the court to fail to give the proffered instruction on criminal trespass.

The appellant also contends that the trial court erred in permitting the prosecuting attorney to inquire of appellant if he had previously entered guilty pleas on two felony charges pending against him in the White County Circuit Court. Appellant's objection on grounds of relevance and motion for a mistrial were overruled. Appellant then responded that he had entered the two guilty pleas. We agree that the question was improper in that form and that it was error to admit the evidence.

Rule 609 (a) Arkansas Rules of Evidence, subject to certain limitations not argued here, permits the impeachment of a witness's credibility by proof of conviction of crimes punishable by imprisonment of more than one year or which involve dishonesty. This rule permits evidence of

*conviction* of certain crimes for that purpose. It does not deal with evidence of *guilt*.

The State contends that a plea of guilty and suspended imposition of sentence as provided in Ark. Stat. Ann. § 41-803 (Repl. 1977) is "tantamount to conviction" for the purposes of that rule. As the record, except for argument of counsel, is silent as to what action, if any, the court took on the pleas or that they were even accepted, we do not address that argument. We conclude from the record that the court erred in not excluding that testimony.

Although we find no merit to the following contentions we address them as they are points likely to be raised on retrial. Appellant argues that his confession should have been suppressed because the officer continued to question him after he had refused to waive his right to remain silent and told him that he wanted an attorney. The police officer testified that appellant did not assert his right not to be questioned further, but merely indicated that he did not desire to make a statement at that time. He denied that appellant ever expressed a desire to call an attorney then. According to the officer appellant's only reference to an attorney was with regard to a later request that he consent to a search of his premises. According to the officer the interrogation ceased when appellant refused to sign the rights waivers. As he had not been assigned to a cell, they both remained in the office where they discussed appellant's personal problems at home and the recent loss of his employment. They discussed the evidence found by the officer and the reason for appellant's arrest. He stated that when appellant was fully aware of the evidence connecting him with the crime he voluntarily expressed a desire to make the statement.

In his testimony at the *Denno* hearing appellant admitted that he never asked the officers to stop talking to him or "break it off." He finally stated "I had a hangover, but I understood my rights. In fact I exercised my rights at one time. Then after I learned about the evidence they had against me, I decided to waive my rights and make a statement."

The burden is on the State to demonstrate that an in-custody confession was freely and voluntarily given and we will not reverse the trial court's finding in that regard unless it is clearly against a preponderance of the evidence. In making that determination we examine the entire record and review all of the circumstances surrounding the pre-trial statement. *Beard v. State,* 269 Ark. 16, 598 S.W.2d 72 (1980). When all of the circumstances surrounding the making of this statement are considered, including the testimony of the appellant, we cannot say the trial court erred in its finding of voluntariness.

While the evidence indicated that appellant initially invoked his right to remain silent and a right to be represented by counsel when a search of his premises was conducted, it appears that subsequently he voluntarily waived those rights. Our court has held that these constitutional rights can be effectively waived even after the accused has initially claimed them, so long as a waiver is knowingly made. *Coble* v. *State,* 274 Ark. 134, 624 S.W.2d 421 (1981). The testimony of the police officers and that of appellant vary to a very slight degree. If any conflicts arose they were for the trial court to resolve based upon the credibility of the witnesses. The testimony of the appellant was not entitled to greater weight than that of the police officers. *Smith* v. *State,* 254 Ark. 538, 494 S.W.2d 489 (1974); *Decker* v. *State,* 255 Ark. 138, 499 S.W.2d 612 (1973).

The appellant next contends that the trial court erred in not suppressing the evidence of the tennis shoes taken from his apartment without a search warrant. We find no merit to this contention. The observation of evidence in plain view is not a search. The basic test in determining the admissibility of such evidence is whether the officer had a right to be in the position he was when the object seized fell into his plain view. *Kelley* v. *State,* 261 Ark. 31, 545 S.W.2d 919 (1977). There is nothing here to show that the officers went to appellant's apartment with the intention of looking for tennis shoes. When they found the shoe prints on the stairwell they had sufficient probable cause to arrest him. They were in his apartment at his invitation and therefore had a legal right to be there. The tennis shoes were in plain

view and the officers recognized their relevance as evidence. They were therefore justified in seizing them.

The appellant also moved that the charges be dismissed for failure to grant him a speedy trial. We find no merit to this contention. The offense was committed on May 10, 1981 and the defendant was tried on October 1, 1981. A period of four and one-half months had elapsed between the date of his arrest and trial. This was well within the period prescribed by Rule 28.1, Arkansas Rules of Criminal Procedure Vol. 4A (Supp. 1981). The appellant contends however that the issue is governed by the "speedy trial act of 1974" which appears as 18 U.S.C. § 3161, et seq. which requires a defendant to be tried within seventy days of his first court appearance or the charges to be dismissed. While congressional acts may govern federal criminal trials, the Arkansas Supreme Court has repeatedly held that the provisions of Rule 28 govern the time within which the State must bring a defendant to trial for offenses which violate our criminal laws. *Cassell* v. *State*, 273 Ark. 59, 616 S.W.2d 485 (1981). The federal act does not purport to preempt that area of state law. 18 U.S.C. § 3172 (2) expressly limits the application to "federal criminal offenses which violate acts of Congress." The Supreme Court of the United States has held that the states must afford a defendant a speedy trial in order to meet constitutional provisions but has left to the state the responsibility of determining specific provisions. No case has been cited to us which requires the application of the federal act in preference to our own. We find no merit to this contention.

This case is reversed and remanded for a new trial.