Gregory Eugene VANN *v.* STATE of Arkansas

CA CR 85-96                                  698 S.W.2d 814

Court of Appeals of Arkansas
Division II
Opinion delivered November 13, 1985

*John W. Settle*, by: *J. Fred Hart, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Jerome T. Kearney*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from the revocation of a suspended sentence. On January 18, 1979, the appellant pleaded guilty to aggravated robbery and kidnapping and was sentenced to serve ten years, with five years suspended, in the Arkansas Department of Correction. On October 29, 1979, he was paroled from the penitentiary, but at a revocation hearing on January 4, 1985, the "five years remaining on his suspended sentence" was revoked and he was sentenced to serve five years in the Department of Correction.

The appellant contends that the trial court did not have the authority to revoke his suspended sentence because the suspended portion had expired. This argument is based upon *Matthews* v. *State*, 265 Ark. 298, 578 S.W.2d 30 (1979). In that case a defendant had been sentenced to five years imprisonment with the last four years suspended. The opinion states that under Ark. Stat. Ann. § 41-1206(3) (Repl. 1977) the suspended portion of a sentence to imprisonment commences to run upon the release of the prisoner from confinement. Although section 41-1206(3) was not applied in *Matthews* because it was not in force at the time of the pronouncement of sentence in that case, the court's interpretation is in accord with the Commentary to the section

and we think it should be applied to the case at bar.

In this case the appellant was paroled from the penitentiary on October 29, 1979. Therefore, under the opinion in *Matthews*, the appellant's five-year suspended period of imprisonment commenced to run on October 29, 1979, and the court had no authority to revoke that suspension on January 4,1985, more than five years later.

The state argues that Ark. Stat. Ann. § 41-1208(5) (Repl. 1977) permitted revocation even though the suspended portion of the sentence had expired. That statute provides:

> The court may revoke a suspension or probation subsequent to the expiration of the period of suspension or probation, provided defendant is arrested for violation of suspension or probation, or a warrant is issued for his arrest for violation of suspension or probation, before expiration of the period.

The state's position is that the appellant was arrested on June 11, 1984, and since this was within five years of his October 28, 1979, release from imprisonment; the expiration of the five-year suspended portion of his sentence had not run and the court had the authority to revoke his suspended sentence.

The problem with this contention is that there is no evidence to support a finding that appellant's arrest on June 11, 1984, was for violation of his suspension or probation. To the contrary, the only evidence in the record pertaining to the reason for appellant's arrest is from Harlan Sweeten, a detective for the police department of the City of Fort Smith. Mr. Sweeten testified that he arrested appellant on June 11, 1984, on outstanding warrants issued on charges unrelated to the grounds upon which appellant's suspended sentence was revoked. The appellant made bond by giving a bondsman a diamond ring as collateral, but he was arrested again the next day on the charge of theft of the ring. This charge was the basis of the revocation of his suspended sentence, but no warrant was ever issued for his arrest for violation of his suspended sentence and the evidence is clear that he was not arrested for any such violation.

A clearly established distinction has been made between arrest for violation of the conditions of a suspended

sentence and arrest for other charges in determining whether a revocation hearing under Ark. Stat. Ann. § 41-1209(2) (Repl. 1977) has been held within 60 days of arrest. In *Walker* v. *State*, 262 Ark. 215, 555 S.W.2d 228 (1977), the Arkansas Supreme Court held, in regard to the defendant's contention that he was not given a revocation hearing within 60 days of his arrest, that his arrest was for theft of property and not for revocation and, therefore, the 60-day limitation for the revocation hearing as provided in section 41-1209(2), *supra*, did not apply.

In *Reynolds* v. *State*, 282 Ark. 98, 666 S.W.2d 396 (1984), the court again made the same distinction. In that case the court said in regard to the 60-day limitation: "That provision relates to an arrest for violation of the conditions of a suspended sentence and not an arrest on another charge."

We think it is obvious that these holdings as to the 60-day limitation for a revocation hearing provided by section 41-1209(2) must also be applied to section 41-1208(5) in determining whether a defendant has been arrested for violation of the conditions of a suspended or probated sentence before the expiration of the period of the suspension or probation.

Reversed and dismissed.

CRACRAFT, C.J., and CORBIN, J., agree.