Andy VENABLE *v.* STATE of Arkansas

CA CR 88-200                                    770 S.W.2d 170

Court of Appeals of Arkansas
En Banc
Opinion delivered May 10, 1989

*Donald R. Huffman,* Public Defender, for appellant.

*Steve Clark,* Att'y Gen., by: *Clint Miller,* Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. On April 14, 1987, Andy Venable entered a guilty plea to five counts of burglary and two counts of theft of property. On April 23, 1987, the Benton County Circuit Court sentenced Venable to fifteen years in the Department of Correction, but suspended five years, conditioned, among other things, upon Venable's not committing an offense punishable by imprisonment. The court remanded the defendant to the custody of the sheriff for transportation to the department.

By mid-May, Venable still had not been transported to the Department of Correction, and was being held in the Washington County Jail on other burglary charges. On May 17, 1987, the Washington County Circuit Court released Venable for five days

to take care of personal business. On September 30, 1987, the State filed a petition to revoke, alleging that Venable had burglarized Hobo Joe's Restaurant in Springdale on the 17th of May.

On April 25, 1988, the Benton County Circuit Court held a hearing on the petition and revoked the defendant's five-year suspended sentence. On appeal, Venable contends that the evidence was insufficient to support the revocation and that the court lacked jurisdiction to revoke his suspended sentence. We find no error and affirm.

We first consider defendant's second argument which is based on Ark. Code Ann. § 5-4-307(c) (1987):

> If the court sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment, the period of suspension commences to run from the day the defendant is lawfully set at liberty from the imprisonment.

Venable's argument is that because the period of suspension had not yet "commenced" the trial court was without jurisdiction to revoke it. The New Mexico Court of Appeals recently dealt with this issue in State v. Padilla, 106 N.M. 420, 744 P.2d 548 (Ct. App. 1987). Padilla was convicted of forgery and burglary and sentenced to three years with two years suspended. After his incarceration, Padilla escaped from a work-release center. The trial court then revoked his suspended sentence. The New Mexico court said that the overwhelming weight of authority supports the trial court's authority to revoke probation and suspended sentences for violations occurring prior to the commencement of the probationary period. The court held:

> [T]hat a defendant who commits a probation violation while still serving the custodial portion of his sentence should be treated no differently than a defendant who has served his custodial sentence but commits a violation while on probation. The suspension or deferment of a sentence is not a matter of right, but a decision reserved to the sound discretion of the sentencing court.

744 P.2d at 550.

The facts in *United States* v. *Ross*, 503 F.2d 940 (5th Cir. 1974), were virtually identical to those of the case at bar. Ross was convicted of a drug offense and was sentenced to three years in prison with all but four months suspended. It was also ordered that Ross be placed on five years probation following his release from prison. The trial court stayed execution of the sentence for one week to permit Ross to put his business in order. Almost immediately Ross was arrested for another drug offense, and the court revoked his suspended sentence.

On appeal, Ross argued that the district court could not revoke his probation for an offense committed after sentencing but before service of the sentence of probation had begun. 18 United States Code Section 3653 (1948) authorized termination of probation for a violation occurring "at any time within the probation period."

Judge Wisdom, speaking for the court, said:

> Aside from the fact that Section 3653 is not by its terms exclusive, case law and sound policy reject Ross's contentions . . . .

* * *

> Sound policy requires that courts should be able to revoke probation for a defendant's offense committed before the sentence commences; an immediate return to criminal activity is more reprehensible than one which occurs at a later date.

503 F.2d at 943.

Most other jurisdictions agree. *Tiitsman* v. *Black*, 536 F.2d 678 (6th Cir. 1976); *People* v. *Shults*, 254 Cal. App. 2d 876, 63 Cal. Rptr. 667 (1967); *Wright* v. *United States*, 315 A.2d 839 (D.C. 1974); *State* v. *Stafford*, 437 So.2d 232 (Fla. Dist. Ct. App. 1983); *State* v. *Morris*, 98 Idaho 328, 563 P.2d 52 (1977); *Brown* v. *Commonwealth*, 564 S.W.2d 21 (Ky. Ct. App. 1978); *Commonwealth* v. *Wendowski*, 278 Pa. 453, 420 A.2d 628 (1980); *see also* Annotation, *Power of Court to Revoke Probation for Acts Committed After Imposition of Sentence but Prior to Commencement of Probation Term* 22 A.L.R. 4th 755 (1983).

Like the New Mexico Court of Appeals in *Padilla, supra,* we can find only two cases that arguably support the defendant's position here, and we agree that both are distinguishable. In *State v. DeAngelis,* 257 S.C. 44, 183 S.E.2d 906 (1971), the contention was that the sentencing order was ambiguous and the South Carolina Supreme Court held that any ambiguity must be resolved in the defendant's favor. In *Bell* v. *State,* 656 S.W.2d 502 (Tex. Crim. App. 1982), the trial court revoked the defendant's probation for an offense that occurred before the judgment, placing the defendant on probation, had been entered.

■ Our conclusion is that the trial court had jurisdiction to revoke Venable's suspended sentence.

We also think the evidence was sufficient to support the revocation. At about 2:00 a.m. on May 18, 1988, Brian Freeman, a patrolman with the Springdale Police Department passed Hobo Joe's Restaurant on Highway 71. He noticed a beige-colored car parked by the business. Shortly thereafter, Freeman received a dispatch that the burglar alarm had gone off at Hobo Joe's. When he arrived he saw Venable getting into the car. Freeman tried to stop the car, but Venable fled and turned off his headlights during the ensuing chase. Freeman finally stopped and arrested him. At the hearing, Venable testified that he was intoxicated and had just stopped to use the bathroom.

There was evidence that a window was found open in the storage room of the restaurant and that the window screen had been pried out. The burglar alarm had been activated by the opening of an inside door from the storage room to the kitchen. The cash register was found open. No stolen property was found on Venable.

On these facts, the State concedes that the evidence was insufficient to establish the offense of burglary, but contends that it was sufficient to establish the offense of criminal trespass and that therefore the revocation was appropriate. We agree.

■ Criminal trespass is a lesser included offense of burglary. *Bongfeldt* v. *State,* 6 Ark. App. 102, 639 S.W.2d 70 (1982). The facts of *Self* v. *State,* 264 Ark. 197, 570 S.W.2d 256 (1978), relied on by the State, are similar to those in the case at bar. In *Self* a petition for revocation of the defendant's suspended

sentence was based on an allegation that he had committed burglary. The supreme court held that although the evidence was insufficient to show the offense of burglary it was sufficient to show the lesser included offense of breaking or entering, which itself constituted a violation of the terms of Self's suspended sentence, and that therefore the trial court did not err in revoking the suspension.

In the case at bar, the trial court expressly found that the defendant broke into the restaurant and that finding is not clearly against a preponderance of the evidence. The fact that evidence is circumstantial does not render it insufficient as a matter of law. *See Needham* v. *State*, 270 Ark. 131, 640 S.W.2d 118 (Ark. App. 1980). The trial court was justified in revoking the defendant's suspended sentence.

Affirmed.

CORBIN, C.J., COOPER and MAYFIELD, JJ., dissent.

CRACRAFT, J., concurs.

DONALD L. CORBIN, Chief Judge, dissenting. The majority opinion is the result logically desired but given the present status of statutory language and cases, this court cannot accomplish that goal. Other than citing the applicable statute (Ark. Code Ann. § 5-4-307(c) (1987)), the majority does not address the statute's plain meaning. Unfortunately, the defendant is correct in his assertion that the trial court improperly revoked the suspended five year portion of his sentence. The trial court sentenced him to 15 years in the Arkansas Department of Correction with five years suspended on certain conditions. The sentence was pronounced in open court and a written Judgment and Commitment, Partial Suspension of Sentence was filed. The defendant was remanded to the custody of the sheriff on April 23, 1987 to be delivered to the Department of Correction. While awaiting delivery to the Department of Correction, the sheriff released the defendant on May 17, 1987, for five days to take care of personal business. In support of his argument, appellant relies on Arkansas Code Annotated Section 5-4-307(c) (1987) which provides:

> If the court sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an addi-

tional term of imprisonment, the period of suspension commences to run on the day the defendant is lawfully set at liberty from the imprisonment.

Arkansas cases have interpreted the above code section to mean that a suspended sentence commences to run at the time the defendant is released from the Arkansas Department of Correction. *See, Matthews* v. *State*, 265 Ark. 298, 578 S.W.2d 30 (1979); *Vann* v. *State*, 16 Ark. App. 199, 698 S.W.2d 814 (1985).

Appellant contends that because a suspended sentence does not commence until one is released from a term of imprisonment, it cannot be revoked until he is actually serving his suspended sentence and commits some act during that period of time for which the suspended portion of sentence could be revoked. I agree.

The purpose of attaching the conditions to a period of suspension is to assist a defendant in leading a law-abiding life. Ark. Code Ann. § 5-4-303(a) (1987). Arkansas Code Annotated Section 5-4-303(b) (1987) establishes that the period within which a defendant may not commit an offense punishable by imprisonment is "during the period of suspension or probation." Thus, a defendant has a definable period (a beginning and an ending) to apprise him of the time within which he must lead a law-abiding life and comply with the written conditions of suspension. Therefore, because the appellant had not been set at liberty to begin serving the suspended portion of his sentence, the court erred in revoking his suspended sentence.

Furthermore, the defendant in the instant case had been "remanded to the sheriff for delivery to the Department of Correction," the executive branch of government. The courts have no inherent authority to modify a sentence after execution of that sentence has begun because, at that time, the power to exercise discretion has passed to the executive branch of government. *Nelson* v. *State*, 284 Ark. 156, 680 S.W.2d 91 (1984).

In *Redding* v. *State*, 293 Ark. 411, 738 S.W.2d 410 (1987) our supreme court stated:

A sentence is placed into execution when the court issues a commitment order unless the trial court grants appellate bond or specifically delays execution of sentence upon

other valid grounds. Once a valid sentence has been put into execution, the trial court is without jurisdiction to modify, amend or revise it. *Shipman* v. *State*, 261 Ark. 559, 550 S.W.2d 424 (1977). After the sentence is put into execution the power to change the sentence passes from the trial court to the executive branch of government. *Nelson* v. *State*, 284 Ark. 156, 680 S.W.2d 91 (1984).

*Id.* at 413, 738 S.W.2d at 411. Under *Redding*, the trial court in the instant case lost jurisdiction over appellant when it issued the commitment order. The trial court would not regain jurisdiction over appellant until he was released from prison. Ark. Code Ann. § 5-4-307(c) (1987).

The majority relies upon a New Mexico case and other cases around the country for its authority. None of the *foreign* cases cited by the majority have a statute containing the exact wording we have in Arkansas Code Annotated Section 5-4-307(c). In essence, the majority is engaged in legislating the desired result, completely ignoring the plain meaning of an Arkansas statute and by implication overrules a host of Arkansas case law.

JAMES R. COOPER, Judge, dissenting. I agree with Judge Corbin's dissent in that I, too, am convinced that the plain meaning of Ark. Code Ann. § 5-4-307(c) (1987) requires that this case be reversed. I write separately only to note that I do not think it necessary to further confound an area of the law which is already unnecessarily complex by applying *Redding* v. *State*, 293 Ark. 411, 738 S.W.2d 410 (1987). The *Redding* Court held that a trial court lacks jurisdiction to modify, amend, or revise a valid sentence after a commitment order is issued. In the present case, there was no modification, amendment, or revision of the appellant's sentence. Instead, the appellant's suspended sentence was simply revoked. The issue is not whether the trial court has jurisdiction to revoke suspended sentences, but whether § 5-4-307(c) was properly applied under the facts of this case. *See Banning* v. *State*, 22 Ark. App. 144, 737 S.W.2d 167 (1987).

MAYFIELD, J., joins in this dissent.