HARRIS, J.
Faulk was on community control after pleading to one count of committing a lewd act upon a child. He had successfully completed twenty-one months of community control when a Seminole County Sheriffs investigator took special interest in him. The investigator learned that Faulk had befriended Carol Kardos. The investigator advised Kardos that the only reason Faulk was showing interest was to gain access to her daughters. The investigator convinced Kardos that if Faulk was not arrested, her daughters or other young girls would be at risk. He told her that he didn’t like sexual predators and that if he could arrest Faulk it would help his career. He asked Kardos to arrange a meeting with Faulk at a time that would require Faulk to violate his community control so that the investigator could arrest him. She did, Faulk did, and the investigator did. The issue before us is whether entrapment is a defense to violating community control. We hold that it is. See United States v. Sutton, 421 F.2d 1394 (5th Cir.1970); People v. Schultz, 254 Cal. App.2d 876, 63 Cal.Rptr. 667 (1967). In State ex rel. Florida Parole and Probation Commission v. Helton, 313 So.2d 413 (Fla. 1st DCA 1975), the court indicates that although apparently not properly established in that case, entrapment may be a defense to a violation of probation.
The trial court was not impressed with the defense of entrapment as it might relate to community control. The court stated: “Here’s what happens as far as that. I listen to the testimony and the bottom line is whether or not an individual, regardless of if he’s enticed, lured, paid, tricked, if he’s out of place, he’s out of place.” Obviously the same can be said about the commission of any crime; regardless of the state’s involvement, the perpetrator should simply “say no” and not commit the act. The purpose of the entrapment defense is that we do not want the police encouraging the commission of crime by one who otherwise would not have committed it. By the same token, we should not permit the police to encourage one on probation or community control to break the terms of his commitment when he otherwise would not have done so.
If indeed Faulk is a danger to young girls so long as he is free, there are legitimate means of providing protection. The State could have insisted on a prison sentence upon his initial conviction instead of entering the agreement providing community control and probation. Or the State can now attempt to convince the court that Faulk should be committed to a mental health facility because he remains a danger to young girls. See section 916.35, Florida Statutes (1998). The State chose not to pursue imprisonment in the first instance and the record does not reflect that the state attorney had sufficient con- *1165 eern to seek involuntary commitment as is now permitted by statute.
Because the trial court did not consider the entrapment defense under the standard announced in Munoz v. State, 629 So.2d 90 (Fla.1993), we reverse and remand for further consideration.
COBB and THOMPSON, JJ., concur.