Kenneth HARNESS *v*. STATE of Arkansas

CR 02-452 101 S.W.3d 235

Supreme Court of Arkansas
Opinion delivered March 20, 2003

*James W. Robb*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Appellant Kenneth Roy Harness pleaded guilty to one count of manufacturing methamphetamine and to two counts of possession of drug paraphernalia. In an amended judgment and commitment order filed on March 30, 2001, the circuit court sentenced him to a term of twenty years' imprisonment and suspended the imposition of sentence as to an additional term of twenty years. Based on a violation prior to his incarceration, the trial court revoked the suspended portion of Mr. Harness's sentence and sentenced him to a term of thirty years' imprisonment. His only point on appeal is that the trial court did not have the power to revoke the suspended portion of his sentence prior to the commencement of the period of suspension. We agree and reinstate the original sentence as modified.

The facts are not in dispute. Upon sentencing, Mr. Harness was not instructed to report immediately to the Arkansas Department of Correction. Instead, he was placed under a $20,000 ADC bond and instructed to call the ADC each morning at 6:00 a.m. and surrender to the ADC when informed that it had room for him. Mr. Harness called in each morning from February 23, 2001, through March 6, 2001, except on February 28. On March 6, 2001, the ADC advised the Crawford County jail administrator that Mr. Harness should surrender at 5:00 a.m. the next morning, March 7, 2001. Mr. Harness did not surrender, and a warrant was issued for his arrest on March 14, 2001. On September 11, 2001, Mr. Harness was arrested in Utah, where he was working under an assumed name, and then returned to Arkansas.

After a hearing, the circuit court revoked Mr. Harness's suspended sentence and resentenced him to a term of thirty years' imprisonment in an amended judgment and commitment order filed on January 16, 2002. Mr. Harness filed a motion for reconsideration alleging that the original sentence was illegal because it was longer than the statutory maximum, that the circuit court was without the power to revoke the suspended portion of his sentence prior to the commencement of the period of suspension, and that the revocation violated his due-process rights. The circuit court denied his motion for reconsideration. The Arkansas Court of Appeals certified Mr. Harness's appeal to this court because it presents an issue of first impression involving statutory construction. Thus, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1–2(b)(1), (2), (5) (2002).

Mr. Harness does not challenge his conviction or the lawfulness of his apprehension. His only challenge is to the propriety of the circuit court's revocation of the suspended portion of his sentence. First, he contends that a circuit court does not have the power to revoke a suspended sentence prior to the commencement of the period of suspension. In the alternative, he presents a procedural due-process argument contending that he did not receive fair warning or other notice that the violation of a condition of suspension prior to the commencement of his suspended sentence could lead to its revocation.

## I. The March 30, 2001 Amended Judgment and Commitment Order

█ As an initial matter, the sentence imposed in the March 30, 2001 amended judgment and commitment order is illegal in two respects. First, the original judgment reflects a sentence of forty years' imprisonment, as well as a twenty-year suspended imposition of sentence, for a total of sixty years — a sentence not authorized for a class Y felony. Second, because the suspended portion of the sentence requires Mr. Harness to report to a supervising officer, the sentence is in reality imprisonment followed by probation — a sentence specifically prohibited by statute. Even though neither Mr. Harness nor the State challenges the legality of the sentence on appeal, we treat problems of void or illegal sentences similar to problems of subject-matter jurisdiction and review them even if not raised on appeal and not objected to in the trial court. *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992); *Lambert v. State*, 286 Ark. 408, 692 S.W.2d 238 (1985).

█ Sentencing is entirely a matter of statute in Arkansas. *Bunch v. State*, 344 Ark. 730, 738, 43 S.W.3d 132, 137 (2001). "No defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter." Ark. Code Ann. § 5-4-104(a) (Supp. 2001). A circuit court has jurisdiction to correct an illegal sentence even if it has been placed into execution. *Meadows v. State*, 324 Ark. 505, 922 S.W.2d 341 (1996); *Bangs v. State, supra; Nelson v. State*, 284 Ark. 156, 680 S.W.2d 91 (1984); *Massey v. State*, 278 Ark. 625, 648 S.W.2d 52 (1983). If we hold that a trial court's sentence was illegal and that the error had nothing to do with guilt, but only with the illegal sentence, we can correct the sentence in lieu of remanding. *Banks v. State, supra.*

■ ■ In *Lewis v. State*, this court set out the parameters for interpreting a trial court's judgment. 336 Ark. 469, 986 S.W.2d 95 (1999). "[J]udgments are generally construed like other instruments and the determinative factor is the intention of the court, gathered from the judgment itself and the record, including the pleadings and the evidence. . . . [I]t is to be presumed that a defendant has been accorded a fair trial, and that the judgment of conviction is valid." *Id.* at 475, 986 S.W.2d at 98. The March 30, 2001 amended judgment and commitment order imposed a sentence of 480 months' imprisonment and a suspended sentence of 240 months, for a total of 720 months (or sixty years). The sentence for a Class Y felony is ten to forty years, or life. Ark. Code Ann. § 5-4-401(a)(1) (Repl. 1997). Mr. Harness's attorney pointed out the illegal length of the sentence to the trial court. After a brief discussion among the judge, the prosecutor, and Mr. Harness's attorney in which all agreed on the intended sentence, the judge ruled as follows: "[a]ll right, then it will be amended to reflect 20 year sentence with 20 suspended." Based upon the record in this case, the clear intent of the circuit court and the understanding of both the State and the defendant was that Mr. Harness be sentenced to twenty years' imprisonment, followed by a twenty-year suspended imposition of sentence.

One of the conditions imposed by the circuit court in connection with the twenty-year suspended sentence was as follows: "You must report as directed to a supervising officer and permit him or her to visit you in your residence, place of employment, or other property." This reporting requirement makes the actual sentence imposed by the circuit court one of probation rather than suspension.

Section 5-4-104 of the Arkansas Criminal Code provides in relevant part as follows: "The court may sentence the defendant to a term of imprisonment and suspend imposition of sentence as to an additional term of imprisonment, but the court shall not sentence a defendant to imprisonment and place him on probation, except as authorized by § 5-4-304." Ark. Code Ann. § 5-4-104(c)(3) (Supp. 2001). Section 5-4-304 permits confinement as a condition of suspension; however, the period of confinement cannot exceed 120 days in the case of a felony or thirty days in the case of a misdemeanor. Ark. Code Ann. § 5-4-304(d)(1) (Supp. 2001). The original commentary explains that this section recognized the practice of Arkansas judges to use the shock of a short

period of incarceration to enhance the effectiveness of a subsequent period of suspension or probation by giving the offender a "taste" of imprisonment. Original Commentary to Ark. Code Ann. § 5-4-304 (Repl. 1995).

■■ As noted earlier, the judge, the prosecutor, and the defense attorney all agreed that the circuit court intended to sentence Mr. Harness to twenty years' imprisonment followed by a twenty-year suspended imposition of sentence. The issue before us is whether the condition that Mr. Harness report to a supervising officer transformed the suspension into probation. We addressed this same issue in *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294.

> The distinction between probation and suspension is one of supervision. Ark. Code Ann. § 5-4-101 (1987) defines both probation and suspension as release without pronouncement of sentence. However, probation is defined as "release without pronouncement of sentence but *subject to the supervision* of a probation officer" and suspension is defined as "release without pronouncement of sentence and *without supervision*."

*Id.* at 239-40, 835 S.W.2d at 296 (emphasis added).[1] The *Bangs* court explained that when the current criminal code was written, imprisonment followed by suspension was authorized because it was a widespread practice by the Arkansas trial bench. *Id.* However, "probation was prohibited from following imprisonment because supervision by both the court and the Board of Pardons and Paroles is a needless duplication of effort conducive to jurisdictional disputes." *Id.* at 240, 835 S.W.2d at 296. The *Bangs* court held as follows: "we affirm the trial court's revocation based on the escape and modify the conditions so that appellant is no longer required to report to a probation officer." *Id.* at 242, 835 S.W.2d at 297 (Mr. Bangs had fled during the period of suspension). Accordingly, the conditions imposed by the circuit court in this case are hereby modified so that Mr. Harness is no longer required to report to a supervising officer.

As modified herein to reflect a sentence of twenty years' imprisonment, followed by a twenty-year suspended imposition of sentence, and with the above-mentioned modification to the conditions of suspension, the March 30, 2001 amended judgment and commit-

---

[1] The current Criminal Code retains the supervision distinction between probation and suspension. Ark. Code Ann. § 5-4-101 (Supp. 2001).

ment order imposes a legal sentence. This then leads us to a consideration of Mr. Harness's point on appeal — whether the circuit court had jurisdiction to issue its amended judgment and commitment order on January 16, 2002, revoking Mr. Harness's suspended sentence and imposing a term of thirty years' imprisonment.

## II. The January 16, 2002 Amended Judgment and Commitment Order

The first point on appeal challenges the jurisdiction of the circuit court to revoke Mr. Harness's suspended sentence for an action occurring prior to the commencement of the suspension period. This court has stated that "without another statutory provision conferring jurisdiction, 'the jurisdictional statements contained in §§ 41-1208 and 41-1209 [now §§ 5-4-309 and 5-4-310] control [revocation of probation].'" Carter v. State, 350 Ark. 229, 233, 85 S.W.3d 914, 916-17 (2002) (quoting Gill v. State, 290 Ark. 1, 3, 716 S.W.2d 746, 747 (1986)). Therefore, resolution of Mr. Harness's point on appeal involves an issue of statutory interpretation. We construe criminal statutes strictly, resolving any doubts in favor of the defendant. Short v. State, 349 Ark. 492, 79 S.W.3d 313 (2002). We construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. Id. In construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect derived from the whole. Id. However, we will not interpret a statute, even a criminal one, so as to reach an absurd conclusion that is contrary to legislative intent. Windsor v. State, 338 Ark. 649, 1 S.W.3d 20 (1999).

Mr. Harness argues that a plain reading of the statutes limits a circuit court's power to revoke to the time during the period of suspension or probation and that to interpret the statutes to allow revocation prior to the commencement of the suspension period leads to absurd results. He acknowledges an opinion to the contrary by the Arkansas Court of Appeals, and asks this court to overrule Venable v. State, 27 Ark. App. 289, 770 S.W.2d 170 (1989). On the other hand, the State contends that the statutes permit a circuit court to revoke a suspended sentence at any time prior to the expiration of the period of suspension, not just during

the period of suspension. When asked to specify the reason for revoking Mr. Harness's suspended sentence, the circuit court replied that rather than surrendering to the ADC as ordered by the court, Mr. Harness fled to Utah under an alias "specifically for the purpose of avoiding the penalty here in Arkansas and the sentence here in Arkansas . . . ."

Our analysis begins with one of the statutory provisions that confers jurisdiction on the circuit court to revoke a suspended sentence. Section 5-4-309 provides in pertinent part:

> If the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his suspension or probation, it may revoke the suspension or probation *at any time prior to the expiration of the period of suspension or probation.*

Ark. Code Ann. § 5-4-309(d) (Supp. 2001) (emphasis added). While this section clearly refers to the end of the period in which a circuit court can revoke a defendant's suspension, it does not specify when the period of suspension begins. In order to make that determination, we must read section 5-4-309 in harmony with other sections dealing with the same subject matter. *Short v. State, supra.*

When a circuit court considers whether to order a suspended sentence, it must *first* decide whether "[t]here is undue risk that *during the period* of suspension . . . the defendant will commit another offense . . . ." Ark. Code Ann. § 5-4-301(b)(1) (Supp. 2001) (emphasis added). A circuit court's power to impose terms and conditions of suspension is established in Ark. Code Ann. § 5-4-303 (Supp. 2001). Although the court is directed to "attach such conditions as are reasonably necessary to assist the defendant in leading a law-abiding life," Ark. Code Ann. § 5-4-303(a), it is required to provide as an express condition of every suspension "that the defendant not commit an offense punishable by imprisonment *during the period of suspension* . . . ." Ark. Code Ann. § 5-4-303(b) (emphasis added). Thus, both the purpose and the mandatory conditions of suspension contemplate that the conditions are imposed during the period of suspension. The permissive conditions also contemplate that the conditions be imposed during the period of suspension. For example, a circuit court may require, as a condition of suspension, that the defendant support dependents, work faithfully, participate in community-based rehabilitation programs, refrain from consorting with designated persons, make restitution,

post bond, or the court may require other conditions "not unduly restrictive of [the defendant's] liberty[.]" Ark. Code Ann. § 5-4-303(c). The alternatives available to the court after revocation of suspension also assume that the revocation takes place during the period of suspension. The circuit court may continue the period of suspension, impose a period of confinement, direct the defendant to report to the court, require the defendant to remain within the jurisdiction of the court, and notify the court of any change of address or employment. Ark. Code Ann. § 5-4-303(d).

 Section 5-4-306 requires that the suspension "shall be for a definite period of time . . . ." Ark. Code Ann. § 5-4-306(a) (Supp. 2001). Section 5-4-307 explains that the period of suspension "commences to run on the day it is imposed," except where the suspension follows a term of imprisonment and then "the period of suspension commences to run on the day the defendant is lawfully set at liberty from the imprisonment." Ark. Code Ann. § 5-4-307 (Repl. 1997). Our review of section 5-4-309 along with the other sections that are relevant to the subject matter of suspended sentences leads us to conclude that a circuit court is statutorily authorized to revoke a period of suspension for a violation of the terms or conditions of suspension that occurs "during the period" of suspension.

 In any event, the interpretation suggested by the State would lead to absurd results because certain terms and conditions of suspension only make sense if imposed during the period of suspension. For example, as a condition of suspension, Mr. Harness was ordered not to associate with persons who have been convicted of felonies. He was required to be gainfully employed or a student, to pay household expenses, and to support his dependents. He was also ordered to remain within the state. If a defendant can violate the conditions of suspension before the commencement of the suspension period, then imprisonment itself would result in a violation. Upon imprisonment, the defendant necessarily associates with persons who have been convicted of felonies — a suspension violation. Moreover, incarceration prohibits the defendant from being gainfully employed to support his or her family and dependents, and it makes remaining within the state a meaningless condition. Thus, terms and conditions of suspension in this case only make sense if imposed during the period of suspension. Any other interpretation leads to an absurd result.

Nonetheless, the State relies on *Venable v. State, supra,* in which an equally divided court of appeals panel affirmed a trial court's revocation of a suspended sentence based on circumstances similar to those in this case. In revoking Mr. Harness's suspended sentence, the circuit court relied on an unpublished decision of the court of appeals, that in turn relied on *Venable v. State, supra.* The *Venable* plurality based its reasoning primarily on policy considerations drawn from the decisions of federal courts and the courts of some, but not all, of our sister states. However, those decisions provide little guidance in the resolution of the issue before us because sentencing in Arkansas is strictly a matter of Arkansas statutes, and a trial court may only impose a sentence authorized by statute. Ark. Code Ann. § 5-4-104(a); *Bunch v. State, supra.* Because none of the cases from other state and federal jurisdictions are based on statutes containing the same language as the Arkansas statutes, we must rely on our own criminal code and case law.

 Construing the statutes authorizing a suspended sentence as a whole and resolving all doubts in favor of the accused, as we must do, we hold that the statutes did not empower the circuit court to revoke Mr. Harness's suspended sentence prior to the commencement of the period of suspension. Because a sentence is void when the trial court lacks the authority to impose it, we reverse the January 16, 2002 amended judgment and commitment order. We reinstate the March 30, 2001 amended judgment and commitment order as modified herein.

 Having concluded that the circuit court does not have the power to revoke a suspended sentence prior to the commencement of the suspension period, we overrule *Venable v. State,* 27 Ark. App. 289, 770 S.W.2d 170 (1989), and all other court of appeals decisions in conflict with this holding. Because we reverse based on Mr. Harness's first point on appeal, we need not address his due-process argument.

The January 16, 2002 amended judgment and commitment order is reversed, and the March 30, 2001 amended judgment and commitment order is reinstated as modified.

Affirmed as modified.

CORBIN, J., not participating.