ON MOTION TO CORRECT AND/OR CLARIFY

PER CURIAM.
We grant appellant’s Motion to Correct and/or Clarify to the extent that we withdraw our previous opinion and substitute the following:
Appellant challenges the trial court’s summary denial of his motion for postcon-viction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he makes numerous claims.[1] We reverse the trial court’s denial of appellant’s claim that defense counsel was ineffective for failing to inform appellant of the potential defenses of entrapment and unwillful violation of his probation.
*677 Appellant claims that defense counsel failed to inform him of the availability of these defenses. Appellant further claims that had he been informed of these defenses he would not have entered a plea, but would have proceeded to trial. This claim is facially sufficient. See Lucas v. State, 873 So.2d 557 (Fla. 1st DCA 2004) (reversing trial court’s summary denial of defendant’s claim that trial counsel was ineffective for failing to inform him of the existence of the defense of entrapment); see also Faulk v. State, 737 So.2d 1164 (Fla. 5th DCA 1999) (holding that “entrapment is a defense to violating community control”); Brazeail v. State, 821 So.2d 364, 368 (Fla. 1st DCA 2002) (holding that in a plea context the prejudice prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is satisfied when a defendant makes a sworn statement that had he been properly advised by counsel, he would not have entered a guilty plea). On remand, if the trial court again denies relief on this claim, then it should attach those records that conclusively refute appellant’s claim. Otherwise, the trial court should hold an evidentiary hearing on this issue. We affirm as to all other claims without discussion.
AFFIRMED in part; REVERSED in part and REMANDED with directions.
BENTON, POLSTON and HAWKES, JJ., concur.

. Appellant’s 3.850 motion addresses claims relating to three separate criminal cases, handled and ruled on at the same time by the trial court (No. 01-2001-CF-3495-A, one count of sale or delivery' of cocaine and one count possession of cocaine; No. 01-2000-CF-2200-A, violation of probation; No. 63-1998-CF-0007-A, violation of probation). Contrary to the State’s argument, appellant has properly appealed and argued these cases to this court. Accordingly, our opinion relates to these cases on appeal.