William G. DEATON *v.* STATE of Arkansas

CR 84-22                                            671 S.W.2d 175

Supreme Court of Arkansas
Opinion delivered June 25, 1984

*Wright & Chaney, P.A.* by: *Travis R. Berry,* for appellant.

*Steve Clark,* Att'y Gen., by: *Marci L. Talbot,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. This case involves the interpretation of the criminal sentencing statutes of 1979. Jurisdiction is under Rule 29(1)(c).

On September 11, 1979, the appellant, a youthful offender, committed the felony of theft by receiving a stolen pistol. He was charged and, on January 6, 1981, pleaded guilty. The judgment of conviction provides that he "is sentenced to three (3) years probation . . .;" "is hereby committed to the Department of Correction or its authorized representative for a term of three years in the state penitentiary;" and "the execution is hereby stayed for a period of three years." Thus, on January 6, 1981, the trial court sentenced appellant to a term of three years imprisonment, suspended execution of the sentence and placed appellant on three years probation.

The statute in effect on the date of the crime governs the sentence. Article II, § 17 Const. of Ark.; *Hunter* v. *State*, 278 Ark. 428, 645 S.W.2d 954 (1983). The sentence must be in accordance with the statutes. Ark. Stat. Ann. § 41-803 (Repl. 1977); *Cooper* v. *State*, 278 Ark. 394, 645 S.W.2d 950 (1983). In this case the judge suspended the execution of the sentence which is a proceeding by which the term of imprisonment is fixed but the serving of that sentence is suspended conditioned upon the good behavior of the offender. In 1979, there was no statutory provision authorizing suspension of the execution of a sentence for an adult offender. *McGee* v. *State*, 271 Ark. 611, 609 S.W.2d 73 (1980). However, under the Youthful Offenders Alternative Service Act of 1975, which was in effect in 1979, a trial court could suspend either the imposition or the execution of the sentence and, in addition, place a youthful offender on probation. Ark. Stat. Ann. § 43-2342 (a) (Repl. 1977 and Supp. 1979). Consequently, the first sentence was authorized for a youthful offender. Its term expired on January 6, 1984.

On April 15, 1981, approximately three months after the first sentence, the trial court ordered that:

Defendant's probation is revoked and Defendant is sentenced to the Department of Correction for Four

years, Eight months, and twenty-one (21) days, and fine of $250.00 plus cost of $67.20 to date. That Defendant is being sentenced under Act 378 of 1975, and Defendant has consented to sentencing under provisions of said Act 378 of 1975 Section 4 (d).

The trial court should have revoked only the fixed term remaining on the suspended sentence. However, no appeal was taken. If the state attempts to enforce the sentence, the appellant must raise the matter in a post-conviction proceeding.

On August 12, 1983, after a motion by the state, the trial court sentenced the appellant to an additional term of five years. This third sentence is the one now on appeal. It is reversed, set aside, and the appellant is ordered released on this sentence. A new sentence cannot be set at a revocation hearing. *Easley* v. *State,* 274 Ark. 215, 623 S.W.2d 189 (1981). "A person need run the gauntlet only once." *North Carolina* v. *Pearce,* 395 U.S. 711 (1969).