Jimmie Joe MILLER *v.* STATE of Arkansas

CA CR 84-128                           683 S.W.2d 937

Court of Appeals of Arkansas
Division I
Opinion delivered February 6, 1985

*Herman H. Hankins, Jr.* and *Steven G. Beck,* for appellant.

*Steve Clark,* Att'y Gen., by: *Marci L. Talbot,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Judge. Appellant, Jimmie Joe Miller, plead guilty to burglary and theft of property January 27, 1978. The Clark County Circuit Court sentenced him to five years imprisonment, stayed execution of that sentence and placed him on probation for a period of five years. Appellant did not appeal this sentence.

On January 14, 1983, a revocation hearing was held on the prosecutor's petition to revoke appellant's probation for his failure to support his dependents. The trial court revoked appellant's probation and sentenced him to five years imprisonment.

On January 18, 1983, the trial court reconsidered its order of January 14, 1983, and substituted an order sentencing appellant to five years imprisonment, staying execution of that sentence, placing appellant on probation for a period of five years beginning January 14, 1983, and further fined him $1,000.00 and court costs. Appellant did not appeal this sentence.

On April 8, 1983, appellant again appeared before the trial court with his probation officer, apparently for

continued failure to support his dependents or pay his fine. Neither appellant's counsel nor the prosecuting attorney was present. At this hearing, the trial court revoked appellant's probation, sentenced him to 15 years imprisonment, stayed execution for 9 years, 9 months and 19 days, subject to good behavior, and further fined him $915.00 and court costs. Appellant did not appeal this sentence.

On April 2, 1984, another revocation hearing was held upon the prosecutor's motion to revoke appellant's probation for failure to support his dependents since January 1983. The trial court revoked appellant's probation and sentenced him to 8 years, 9 months and 26 days imprisonment. It is from this final order that appellant appeals.

Appellant raises four points for reversal: (1) That the trial court was without authority to sentence appellant to a term of imprisonment and suspend execution of that sentence; (2) that the trial court erred in setting a new sentence at a revocation hearing; (3) that the trial court erred in revoking appellant's probation and imposing a greater sentence than originally imposed; and (4) that at the April 2, 1984 hearing, the court had no jurisdiction to impose any sentence on appellant because the term to which he had been sentenced expired on January 27, 1983.

Appellant first argues that the trial court had no authority to sentence him and then suspend execution of his sentence. Prior to the passage of the 1976 Criminal Code, a trial court was authorized to suspend the execution of a sentence. However, in 1976 this procedure was changed by Ark. Stat. Ann. § 41-803 (Supp. 1983), which states in pertinent part:

Authorized dispositions. — (1) No defendant convicted of an offense shall be sentenced otherwise than in accordance with this Article [§§ 41-801 —41-1309].

. . .

(5) If a defendant pleads or is found guilty of an offense other than capital murder, . . . the court may

suspend imposition of sentence or place the defendant on probation, in accordance with Chapter 12 [§§ 41-1201 — 41-1211] of this Article.

The Arkansas Supreme Court in *Culpepper* v. *State*, 268 Ark. 263, 595 S.W.2d 220 (1980), interpreted Ark. Stat. Ann. § 41-803 to mean that a trial court was only authorized to suspend *imposition* of a sentence not the *execution* of a sentence. Thus, appellant is correct in arguing that the trial court was not authorized to suspend execution of his sentence. Appellant falls short of obtaining relief on this point due to his failure to make a timely objection or to appeal from that decision. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980). Having failed to make a timely appeal appellant was limited to raising this objection in post-conviction proceedings when the State attempted to enforce the sentence. *Deaton* v. *State*, 283 Ark. 79, 671 S.W.2d 175 (1984).

Appellant argues that the trial court erred in setting a new sentence at the January 1983 revocation hearing. The trial court sentenced appellant to five years imprisonment on January 27, 1978. On January 14, 1983, the trial court had authority to revoke appellant's probation and sentence him to the remainder of the five year sentence imposed in January 1978. Ark. Stat. Ann. § 43-2332 (Supp. 1983). The trial court was without authority to set a new sentence at that revocation hearing. *Easley* v. *State*, 274 Ark. 215, 623 S.W.2d 189 (1981). However, no appeal was taken. Appellant was again limited to post-conviction relief. *Deaton, supra.*

Appellant argues that the trial court erred in imposing a greater sentence at the April 8, 1983 hearing than originally imposed. As with the previous point for reversal, the trial court at this hearing could only have sentenced appellant to the term remaining on his suspended sentence. Ark. Stat. Ann. § 43-2332. Because of appellant's failure to object or appeal, he was again limited to post-conviction relief. *Deaton, supra.*

Appellant argues that the trial court was without jurisdiction to impose any sentence on appellant at the April

2, 1984 revocation hearing because the term to which he was originally sentenced expired on January 27, 1983. This argument overlooks the fact that since his original sentence, appellant has been sentenced on two other occasions. He failed to appeal either of these other sentences and is therefore deemed to have accepted them. *McGee v. State*, 271 Ark. 611, 609 S.W.2d 73 (1980). We would further point out that it is only upon execution of a sentence that the trial court loses jurisdiction to modify a sentence. *Massey v. State*, 278 Ark. 625, 648 S.W.2d 52 (1983).

On April 2, 1984, the trial court revoked appellant's probation and put into execution the remainder of the sentence imposed on April 8, 1983. This fourth sentencing is the only one appellant appealed. However, it is not a new sentence appellant appeals but the execution of one from which appellant failed to appeal. Under *Deaton*, we have no choice but to affirm the trial court's action. Unfortunately, because this sentence was not appealed when imposed, any relief must be sought in post-conviction proceedings when the state attempts to enforce the sentence.

Affirmed.

CRACRAFT, C.J., and CLONINGER, J., agree.