The Honorable Owen T. Miller State Representative 602 Liberty Street Marked Tree, AR 72365-2633
Dear Representative Miller:
This is in response to your request for an opinion on the accuracy of Opinion No. 87-2, issued by this office on August 21, 1987. In that opinion, this office indicated that an individual who had successfully completed a suspended sentence could state, for purposes of signing the Arkansas political practices pledge, that he had not been convicted of a felony. My research on the issue leads me to conclude that a significant change in case law that occurred after the issuance of Opinion No. 87-2 calls it validity into question.
Under Arkansas law, when a trial court suspends imposition of a defendant's sentence, the court shall enter a judgment of conviction only if:
 (1) It sentences the defendant to pay a fine and suspends imposition of sentence as to imprisonment or places defendant on probation; or
 (2) It sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment.
See A.C.A. § 5-4-301(d) (Cum. Supp. 1991); David v. State,286 Ark. 205, 691 S.W.2d 133 (1985). When no conviction has been entered against an individual pursuant to this provision, upon successful completion of the period of suspension the trial court should discharge the individual and he should "not thereafter be subject to any disqualification or disability imposed by law upon conviction of the offense." See A.C.A. § 5-4-311(b) (1987). According to § 5-4-311(b), a defendant so discharged "may state in any application for employment, license, civil right, or privilege or in any appearance as a witness that he has not been convicted of the offense." Id. Thus, under certain circumstances, an individual who had the imposition of his sentence suspended by the trial court could lawfully state that he had not been convicted of a felony.
These provisions would not appear to apply, however, when a trial court suspends the execution of a sentence.[1] In such a situation, the trial court actually pronounces or imposes a sentence on the defendant and merely postpones the execution of the sentence for a certain time period, conditioned upon the defendant's good behavior. See, e.g., Deaton v. State,283 Ark. 79, 671 S.W.2d 175 (1984). In Opinion No. 87-2, the following language of the trial court was presented for consideration:
 It is therefore ordered and adjudged that the defendant be sentenced to a term of two (2) years in the State Penitentiary. It is further ordered and adjudged that this punishment at this time be held up and suspended during good behavior and on payment of costs.
In my opinion, the Arkansas appellate courts would in all likelihood interpret this language by the court as suspending the execution of the individual's sentence rather than the imposition of his sentence. Although for a period of about ten years trial courts were not authorized to suspend the execution of sentences, when the individual in question was sentenced in 1959, suspended execution of sentences was specifically authorized by Ark. Stat. Ann. §§ 43-2326 and 43-2331 (1977 Repl.).[2]
Because no statute similar to A.C.A. §§ 5-4-301(d) and 5-4-311
(Cum. Supp. 1991) exists with respect to the suspended execution of sentence, case law must be relied upon in determining whether, in such instances, an individual has been "convicted" for purposes such as signing the political practices pledge of A.C.A. § 7-6-102 (1987). Although the case of State Medical Board v.Rodgers, 190 Ark. 266, 79 S.W.2d 83 (1935), relied on by this office in Opinion No. 87-2, and other similar cases, indicated that as a general matter, an individual whose sentence was suspended and who had successfully completed that suspended sentence could lawfully state in connection with the exercise of various civil rights that he had not been convicted of a felony, those cases can no longer be relied upon for that proposition. InCampbell v. State, 300 Ark. 570, 781 S.W.2d 14 (1989), the Arkansas Supreme Court specifically overruled State MedicalBoard v. Rodgers, stating that its holding therein "could not be reconciled with the law or with reason." The court noted that inRodgers, the defendant had been found guilty of a crime and had been sentenced by the trial court, but that for various reasons, the court had suspended execution of his sentence. The court concluded that the fact that the execution of Rodgers' sentence was suspended lessened neither the crime he committed nor his conviction.
The Arkansas Supreme Court's language in Campbell compels me to conclude that, if faced with the circumstances presented in Opinion No. 87-2, that court would find that the individual in question had indeed been convicted and could not lawfully state to the contrary in signing the Arkansas political practices pledge. Because of this change in the case law since its issuance, it appears that Opinion No. 87-2 may no longer be accurate.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
CT:WB/cyh
[1] Trial courts are authorized to suspend either the imposition of a sentence or the execution of a sentence, see
A.C.A. §§ 5-4-104 (Cum. Supp. 1991) and 16-90-115 (1987), and the distinction between the two is explained in DiPippa, SuspendingImposition and Execution of Criminal Sentences: A Study ofJudicial and Legislative Confusion, 10 U.A.L.R.L.J. 367 (1987-88).
[2] The 1976 Criminal Code did not provide for the suspended execution of sentences. In 1985, however, the legislature passed a bill that returned this authority to the trial courts. See
A.C.A. § 16-90-115 (1987).