John Alvin LEWIS *v.* STATE of Arkansas

CA CR 97-1232                                        970 S.W.2d 299

Court of Appeals of Arkansas
Division IV
Opinion delivered May 27, 1998
[Petition for rehearing denied September 30, 1998.*]

---

* BIRD, J., concurs. ROBBINS, C.J., and ROAF, J., dissent.

*Murphy & Carlisle*, by: *Marshall N. Carlisle*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly Terry*, Asst. Att'y Gen., for appellee.

OLLY NEAL, Judge. Appellant pled guilty on September 20, 1993, to possession of methamphetamine in violation of Arkansas Code Annotated § 5-64-401 (Repl. 1993), and was sentenced to a three-year term of imprisonment. The imposition of appellant's

prison sentence was purportedly suspended upon certain conditions. The State filed its petition to revoke his probation on September 19, 1996, the final day of his probationary period, and appellant was arrested on September 23, 1996. After a hearing on the State's petition, appellant's probation was revoked, and he was sentenced to ten years in the Arkansas Department of Correction, with seven years suspended. He argues on appeal that his sentence was imposed illegally and that the evidence was insufficient to support the revocation of his probation. We agree that the trial court exceeded its statutory authority in setting appellant's sentence, and, therefore, we reverse and dismiss, based on the trial court's lack of jurisdiction.

Although appellant was arrested for violation of an order of protection, after his period of probation had already expired, the State filed its revocation petition within the probationary period.

■ During a hearing on the charge of violating the order of protection appellant responded to the prosecuting attorney's question: "Do you have any devices on [your ex-wife's] phones or on her phone lines at her residence that you have put there?" by replying "I did at one time." This testimony was made a part of the record of the revocation proceedings without objection from appellant. Appellant also admitted during the revocation hearing that he placed an electronic recording device on his ex-wife's telephone line and intercepted some of her private conversations, and stated that he did so "sometime between January 1996 and December 1996." Appellant's own testimony was clearly sufficient to establish a violation of Arkansas Code Annotated § 5-60-120 (Repl. 1993), *Interception and recording*.

Appellant's second argument is that his sentence is illegal in that the trial court acted in excess of its statutory authority when it sentenced him to a period of imprisonment greater than "the fixed term remaining on the suspended sentence." Appellant's argument, which is premised on Arkansas Code Annotated § 5-4-309(f) (Repl. 1993), assumes that he received an actual sentence to a term of imprisonment after his 1993 guilty plea. After reviewing the language the court used in the 1993 judgment that

was entered upon appellant's guilty plea, we must agree. The court's order states in relevant part:

> The defendant John Alvin Lewis, entered his plea of guilty pursuant to Act 346 of 1975 to the reduced charge of Possession of a Controlled Substance (C Felony) [Methamphetamine] and upon recommendation by the Prosecuting Attorney, punishment is *fixed* at three (3) years in the Department of Correction, with imposition of said sentence suspended . . . . [Emphasis added.]

Because the court used the term "fixed" in reference to appellant's sentence, and because it stated a specific time that appellant had to serve, we cannot say that the court effectively suspended the imposition of appellant's sentence. *See Lee v. State* 299 Ark. 187, 772 S.W.2d 324 (1989); and *Lyons v. State*, 35 Ark. App. 29, 813 S.W.2d 262 (1991). Our supreme court noted in *Culpepper v. State*, 268 Ark. 263, 595 S.W.2d 220 (1980):

> There is a substantial difference between advising a defendant that he is sentenced to 5 years suspended subject to certain behavioral requirements and in advising a defendant that the imposition of sentence will be suspended or postponed for 5 years conditioned on the same behavioral requirements. If the appellant had been sentenced in compliance with Section 41-803 by the suspension of the *imposition* of sentence, rather than by the *execution* of sentence, the trial court could have sentenced him to 15 years imprisonment upon revocation of the suspension, as is authorized by Ark. Code Ann. § 41-1208(6) . . . . We should, however acknowledge that Section 41-1208(6) was partially repealed by implication in 1979. (Decision under prior law.)

■ Where a trial court imposes a definite sentence upon acceptance of a guilty plea or a finding of guilt, and orders that the *execution* of the sentence be suspended, Arkansas Code Annotated § 16-93-402(e)(5) (Repl. 1997) limits the court's sentencing authority to imposition of a sentence not exceeding the length of the sentence originally imposed. *Culpepper, supra.*

■ Based on the foregoing discussion, we find that the trial court was without authority to sentence appellant on the original charge of possession of a controlled substance to more than the time remaining on his original three-year fixed sentence. Because

appellant's original fixed sentence expired on September 20, 1996, three days before appellant was arrested, we reverse and dismiss.

Reversed and dismissed.

JENNINGS and STROUD, JJ., agree.

## CONCURRING OPINION UPON DENIAL OF REHEARING

975 S.W.2d 445

September 30, 1998

SAM BIRD, Judge, concurring. I write for the purpose of expressing my agreement with the reasoning of the majority opinion handed down on May 27, 1998, by which this case was reversed and dismissed, and with the court's decision to deny the State's petition for rehearing.

The dissenting opinion suggests that this case should be affirmed by resorting to the remedy fashioned by the supreme court in *Hoffman v. State*, 289 Ark. 184, 711 S.W.2d 151 (1986). As observed by the dissent, in *Hoffman* the supreme court reviewed a revocation hearing that involved a defendant who had been given an "advisory sentence" that was clearly illegal, having been abolished with the adoption of the new criminal code. However, as also noted by the dissent, the defendant in *Hoffman* did not challenge the illegality of the sentence. As the supreme court noted, "the sentence was not objected to below or made a subject matter of this appeal." In fact, in *Hoffman* the appellant merely challenged the sufficiency of the sentence," but did not argue that the "advisory sentence" was illegal.

Thus, in *Hoffman*, the supreme court was in the unique position of having to decide whether there was sufficient evidence to support the revocation of an illegal "advisory sentence" that the appellant had not challenged, either in the trial court or on appeal. Obviously, the supreme court could not have found the evidence to be sufficient to support appellant's revocation and then have

affirmed the imposition of the trial court's illegal sentence. The court's solution was to "view the court's findings as though it intended to sentence the appellant to seven years, which was suspended conditioned upon payment of restitution."

Unlike the appellant in *Hoffman*, the appellant in the case at bar has specifically challenged the illegality of his sentence, and this court does not have the luxury of overlooking it and creating a fictional legal sentence that can then be imposed if the evidence is sufficient to support its revocation. Unlike the court in *Hoffman*, the illegality of appellant's sentence in the case at bar cannot be passed off as "the proper subject for a petition for Rule 37."

Contrary to the dissent's suggestion, there is nothing in the language of the *Hoffman* case that requires us to assume that, because the trial court imposed an illegal sentence, it intended for the sentence to be legal. That procedure was adopted by the supreme court in *Hoffman* only because the appellant had not raised the issue. The court in *Hoffman* even intimated that the sentence might be subject to a successful challenge by way of a Rule 37 petition.

Finally, I believe that the dissent's reliance on *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992), is erroneous. In the first place, the portion of *Bangs* that is quoted in the dissenting opinion is dictum. *Bangs* was affirmed upon the court's finding that the appellant was not prejudiced by his illegal sentence, not because the sentence was not illegal.

Secondly, *Bangs* stands only for the proposition that a petition to revoke will not be dismissed on appeal, with the result that appellant is released from prison, where appellant was revoked for the violation of *several* conditions of his probation, when only one of the conditions was illegal. While the court in *Bangs* did say, as noted by the dissent, that an appellant cannot be allowed "to benefit from his failure to seek the appropriate remedy" in the trial court, this statement was made only as a predicate to its conclusion that the appropriate remedy in that case was to modify the judgment of the trial court, just as the trial court could have done, by modifying the illegal condition of probation, rather than to dismiss the State's revocation petition altogether.

DISSENTING OPINION UPON DENIAL
OF REHEARING
September 30, 1998    975 S.W.2d 445

ANDREE LAYTON ROAF, Judge, dissenting. I would grant rehearing and affirm this case. The majority has found that the trial court illegally sentenced appellant John Alvin Lewis in 1997 to ten years' imprisonment with seven years suspended, when his "probation" for a 1993 drug offense was revoked. Because the original judgment had stated that Lewis's sentence was "fixed" at a term of three years, the majority construed language suspending imposition of the sentence as, in effect, a suspended execution of the sentence. Consequently, the majority reasons that because the petition to revoke was filed on the final day of the three-year period, the trial court lacked the authority to sentence Lewis to any time whatsoever by the time the petition was heard several months later.

However, the majority fails to acknowledge that its construction of the initial judgment in fact renders it illegal, in that the trial court was not authorized to suspend execution of a fixed sentence when Lewis was originally sentenced on September 20, 1993. *See* Ark. Code Ann. § 5-4-104(e)(B)(I) (Repl. 1997) (prohibiting suspended execution of sentence effective March 16, 1993). Accordingly, I find the instant case analogous to *Hoffman v. State*, 289 Ark. 184, 711 S.W.2d 151 (1986). In *Hoffman*, the supreme court reviewed a revocation hearing that involved a defendant who had been given an "advisory sentence," a form of court probation that had been abolished by the adoption of the new criminal code. Noting that this was an illegal sentence that had not been challenged below on an appeal by the appellant, the supreme court treated the trial court's disposition as a suspended sentence, the option available under the criminal code that most closely matched what trial court intended to impose.

Here, the original 1993 judgment purported to sentence Lewis under Act 346 of 1975, the First Offenders Act, which

allows a defendant to be placed on probation, *see* Ark. Code Ann. § 16-93-303 (Supp. 1997), but also stated "imposition of sentence suspended" upon Lewis's fulfilling certain conditions, including a three-year supervised probation. However, suspended imposition of sentence involves release of the defendant without pronouncement of sentence and, unlike probation, without supervision by a probation officer. *See* Ark. Code Ann. § 5-5-101(1) (Repl. 1997). We should have followed *Hoffman v. State, supra,* and treated the trial court's judgment as placing Lewis on probation. I know of nothing in our criminal code that would compel a different disposition. Indeed, Ark. Code Ann. § 16-90-111 (Supp. 1991) specifically states that illegal sentences may be corrected at any time.

Finally, I find the majority's reliance on *Culpepper v. State,* 268 Ark. 263, 595 S.W.2d 220 (1980), to be misplaced. In *Bangs v. State,* the supreme court rejected the idea that the defendant should benefit from failing to act to correct an illegal sentence. The court said:

> Thus, had the appellant presented this argument to the trial court, the trial court could have easily corrected the alleged illegality in the original sentence. It is true that the appellant was not required to present his argument to the trial court in order to receive appellate review. However, on appeal, we cannot dismiss the petition to revoke and thereby allow appellant to benefit from his failure to seek the appropriate remedy by petitioning the trial court for correction pursuant to section 16-90-111. Where an error has nothing to do with the issue of guilt or innocence and relates to punishment, it may be corrected in lieu of reversing and remanding.

310 Ark. 235, 241, 835 S.W.2d 294, 297 (1992) (citations omitted); *see also Davis v. State,* 291 Ark. 191, 723 S.W.2d 366 (1987); *Basura v. City of Springdale,* 47 Ark. App. 66, 884 S.W.2d 629 (1994).

The majority has allowed Lewis to gain from his failure to seek correction of the original sentence by the trial court and to reap the benefits of both the First Offenders Act and a clearly ille-

gal suspended "execution" of sentence. I would affirm the revocation and ten-year sentence imposed by the trial court.

ROBBINS, C.J., joins.