John Alvin LEWIS *v.* STATE of Arkansas

CR 98-693                                        986 S.W.2d 95

Supreme Court of Arkansas
Opinion delivered March 4, 1999

[Petition for rehearing denied April 15, 1999.]

*Murphy & Carlisle*, by: *Marshall N. Carlisle*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly S. Terry*, Ass't Att'y Gen., for appellee.

T OM GLAZE, Justice. ▉ This is a revocation-of-probation case in which the court is called upon to discern the intent of the trial court's initial order placing appellant John Alvin Lewis on probation. Lewis's probation was revoked upon the State's petition after it was determined by the trial court that Lewis had violated his conditions of probation. On May 27, 1998, the court of appeals reversed and dismissed Lewis's judgment and commitment order after the court found that the trial court exceeded its authority in sentencing Lewis on his original charge to more than the time remaining on what the court considered to be Lewis's original three-year fixed sentence. *Lewis v. State*, 62 Ark. App. 150, 970 S.W.2d 299 (1998). We subsequently granted the State's petition for review in order to clarify and develop the law in the area of sentencing. When this court grants a petition for review, we review the judgment and proceedings before the trial court as if the appeal had been originally filed in this court. *MacKintrush v. State*, 334 Ark. 390, 978 S.W.2d 293 (1998). The facts of the case are undisputed.

Lewis was charged by felony information under Ark. Code Ann. § 5-64-401 (Repl. 1997) with one count of possession of a controlled substance with intent to deliver [methamphetamine], a Class Y felony. On September 20, 1993, Lewis pleaded guilty to a lesser charge, possession of methamphetamine, a Class C felony under § 5-64-401. The trial court accepted Lewis's plea and entered a judgment which, in relevant part, provided as follows:

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant, John Alvin Lewis, has hereby entered his plea of guilty pursuant to the provisions of Act 346 of 1975 . . . and upon recommendation of the Prosecuting Attorney, punishment is fixed at three (3) years in the Arkansas Department of Correction, with imposition of said sentence suspended upon the following:

\* \* \*

(3) That the Defendant be placed on supervised probation for a period of three (3) years. During this period, the Defendant is to pay a probation fee of $20.00 per month and make monthly reports to the Adult Probation Department.

\* \* \*

(6) That the Defendant remain on good behavior and commit no offense punishable by imprisonment.

The trial court imposed probation conditions on Lewis, stating as follows:

In accordance with authority conferred by the Washington County Circuit Court of the Fourth Judicial District, you have been placed on probation on this date, 20 September '93, for a period of three years by the Honorable William Storey, Fourth Judicial District Circuit Judge, sitting in and for this District Court at Fayetteville, Arkansas. It is the order of this court that you shall comply with the following conditions of probation:

(1) Report to your probation officer as directed and submit to search of any property by your probation officer.

(2) Refrain from the violation of any city, state, or federal laws.

(3) Do not use or possess any drug or controlled substance prohibited by the State of Arkansas. You must avoid injurious habits, as well as avoid persons or places of harmful character. Subject to drug testing at probation officer's discretion.

(4) Maintain steady employment or provide proof of support and report any changes of employment or residence to your probation officer.

(5) Do not leave the State of Arkansas without permission of the probation officer.

(6) Produce written proof of attendance to counseling of any nature, or school, and comply with those facilities' rules.

(7) Do not possess any FIREARM in violation of the Federal Firearms Control Act.

(8) Make restitution: Pay fines, court costs, etc.

(9) Pay restitution to County of $1,000.00 @ $100.00 month beginning 10/93.

(10) Pay court costs of $95.75.

\* \* \*

(14) Act 346.

(15) Pay $20.00 per month probation fee, beginning 9/93.

(16) Pay $150.00 to the Public Defender Fund.

Nearly two years later, upon the recommendation of the probation department, Lewis's supervised probation was altered to unsupervised probation by order of the trial court.

On the last day of Lewis's probationary period, September 19, 1996, the State filed a petition to revoke Lewis's probation based on the allegation that Lewis had been stalking his ex-wife, and that such actions constituted a violation of Lewis's conditions of probation. Lewis was arrested on September 23, 1996. The court conducted a hearing on the State's petition, and after considering the evidence presented, revoked Lewis's probation and sentenced him to ten years in the Arkansas Department of Correction. The court suspended seven years of the ten-year term. Lewis appeals from the judgment and commitment order, arguing first that the sentence imposed upon the revocation of his probation is illegal, and second, that the evidence supporting his revocation is insufficient.

Lewis premises his first point on the wording of the order set out above and argues that, when the trial court accepted Lewis's guilty plea, it actually *sentenced* him to three years in the Arkansas Department of Correction, rather than placing him on probation. He further argues that the court then suspended the three-year sentence, and as a consequence, the trial court could not later revoke his suspended sentence and impose a new sentence. For

this proposition, Lewis relies on *Culpepper v. State*, 268 Ark. 263, 595 S.W.2d 220 (1980).[1]

In *Culpepper*, Culpepper entered a guilty plea to burglary and was "sentenced" to five years suspended with three years' probation. His probation was subsequently revoked, and the circuit court sentenced him to fifteen years' imprisonment — the term that the circuit court could have originally imposed for the burglary offense under Ark. Stat. Ann. § 41-1208(6) [now Ark. Code Ann. § 5-4-309(f)]. The *Culpepper* court reduced the defendant's sentence from fifteen years' to five years' imprisonment, stating the defendant was entitled to know the effect of his sentence. The court explained as follows:

> There is a substantial difference between advising a defendant that he is sentenced to five-years suspended subject to certain behavioral requirements and in advising a defendant that the imposition of sentence will be suspended or postponed for five years conditioned on the same behavioral requirements.

268 Ark. at 268, 595 S.W.2d at 223. The *Culpepper* court added that, under a then newly enacted law, Culpepper could have been apprised of the effect of his sentence if he had been given a written statement explicitly setting forth the terms of the imposition of sentence or probation. No such statement had been given Culpepper.

The present case is far different than *Culpepper*. While Lewis's court order included the language "punishment is fixed at three years in the Arkansas Department of Correction," the order clearly provided that Lewis entered his guilty plea pursuant to the probation terms under Act 346 of 1975, the First Offenders Act [now Ark. Code Ann. § 16-93-303 (Supp. 1997)], and Lewis was given probation conditions that specifically referred to Act 346

---

[1] Lewis also cites *Bilderback v. State*, 319 Ark. 643, 893 S.W.2d 780 (1985); *Deaton v. State*, 283 Ark. 79, 671 S.W.2d 175 (1984); and *Easley v. State*, 274 Ark. 215, 623 S.W.2d 189 (1981). In each of those cases, the trial court *imposed a sentence* upon the defendant, either by suspended execution of sentence or imposition of a term of imprisonment with the term suspended. In short, our discussion of the *Culpepper* decision is sufficient to cover the same point for which these other cases were cited.

under which no adjudication of guilt or sentence is imposed. Lewis's original order also indicated that the three years "fixed" by the trial court was "with imposition of said sentence suspended" — not a suspension of the execution of sentence. This usage of terminology reflects, once again, that the circuit court intended that Lewis was to be placed on probation rather than suspending *execution* of his sentence. *See Culpepper*, 268 Ark. at 268-269, 595 S.W.2d at 223 (court stated that reference is made throughout the Criminal Code to suspending imposition of sentence *or* placing the defendant on probation, but in no instance do we find provisions for both; both terms . . . require that the defendant be released "by the court *without pronouncement of sentence* (in contradiction to the actions of the trial court in this case); the two cannot occur simultaneously, as the former is 'without supervision' and the latter requires 'supervision of a probation officer'") (emphasis provided).

In *Dehart v. State*, 312 Ark. 323, 849 S.W.2d 497 (1993), the court stated that judgments are generally construed like other instruments and the determinative factor is the intention of the court, gathered from the judgment itself and the record, including the pleadings and the evidence. The court has also held that it is to be presumed that a defendant has been accorded a fair trial, and that the judgment of conviction is valid. *Butler v. State*, 264 Ark. 243, 570 S.W.2d 272 (1978). Here, while the words "fixed at three years in the Arkansas Department of Correction" in the trial court's order were errant, Lewis knowingly and deliberately sought and was permitted to enter his guilty plea and receive probation under the Arkansas First Offender Act, Act 346. Unlike in *Culpepper,* where the defendant was "sentenced to five years suspended with three years' probation," Lewis was not sentenced with execution of his sentence suspended, but instead was placed on probation as provided under Act 346. Also, the circuit court's usage of the language "suspended imposition of sentence" avails Lewis no help because such language reveals once again that the trial court intended no sentence was to be entered, but showed only that Lewis was required to comply with probation conditions.

■ ■ Once the State was able to show by a preponderance of the evidence that Lewis failed to comply with the conditions of his probation, the circuit court was authorized to impose any sentence on him that might have been imposed originally for the offense of which he was found guilty. *See* Ark. Code Ann. § 5-4-309(d) and (f) (Repl. 1997).[2] Our court has made it clear that, if probation is entered and no sentence was actually imposed, the trial court may, upon revocation, sentence the defendant to a term of imprisonment larger than the term of probation. *See Lee v. State*, 299 Ark. 187, 772 S.W.2d 324 (1989); *Williams v. State*, 280 Ark. 43, 659 S.W.2d 948 (1983). Here, no sentence was imposed when Lewis entered his guilty plea, but instead he was placed on probation. Consequently, the trial court was authorized to sentence Lewis under § 5-4-309(f), and not Ark. Code Ann. § 16-93-402(e)(5) which applies to situations when a sentence was imposed, and upon revocation, would limit the defendant to serve only the sentence imposed or any lesser sentence which might have been originally imposed.

We next turn to Lewis's second point that the trial court erred in finding that he violated the conditions of his suspended sentence. Chiefly, Lewis argues that there is no evidence of harm or even the threat of harm to his ex-wife. Lewis finds it important that his ex-wife, whom he considers to be the "necessary witness," was not called to testify, and therefore, each violation in the State's petition to revoke his suspended sentence was unsupported, since each violation was directly attributed to the conduct of Lewis against his ex-wife.

■ The trial court found that the State's claim of unlawful interception and recording under Ark. Code Ann. § 5-60-120(a) (Repl. 1997) was supported by the testimony and evidence at the revocation hearing. In revocation proceedings, the burden is on the State to prove by a preponderance of the evidence that the defendant has violated a condition of his suspension. *Greene v.*

---

[2] Section 5-4-309(f) was partially repealed by implication to the extent subsection (f) dealt with the suspension of execution of sentence, a term that is no longer authorized. *Culpepper*, 268 Ark. at 267-268, 595 S.W.2d at 223.

*State*, 324 Ark. 465, 921 S.W.2d 951 (1996); *Lemons v. State*, 310 Ark. 381, 836 S.W.2d 861 (1992); Ark. Code Ann. § 5-4-309(d) (Repl. 1997). On appeal, an appellate court will not reverse the trial court's decision unless it is clearly against the preponderance of the evidence. *Lemons*, 310 Ark. at 383, 836 S.W.2d at 862.

The State produced evidence showing Lewis and his ex-wife were married for nearly two years, and that, even after the divorce, they continued a relationship. However, their relationship was rife with problems. Charles Dahmm, Chief of Police of Elkins, Arkansas, testified that he and other officers were called to the ex-wife's residence after the divorce due to disturbance reports. Alice Remington, a deputy circuit clerk, testified and identified certain documents filed in court by the ex-wife. Those documents included two separate protective orders against Lewis. Brad Williamson, an employee of the Fourth Judicial District Prosecuting Attorney's Office, explained the contents of reports he had made showing the number of phone calls Lewis had made to his ex-wife after the protective orders were in effect. Lewis admitted during his testimony that he had been served with a protective order at his ex-wife's residence on September 16, 1996. The receipt of the service of process of the order showed that service was made at 5:50 p.m. on September 16th. Williamson's report showed a total of twenty-nine (29) telephone calls made to his former wife on September 16th, beginning at 6:10 p.m. and ending at 8:30 p.m. Lewis placed two more calls on September 18, 1996.

Lewis also admitted that he understood he was to have no contact with his ex-wife upon service of the protective orders, but that he did so anyway. Lewis additionally admitted to placing a recording device on the telephone box outside his ex-wife's house in 1996 because he "wanted to know what was going on." Lewis explained that the recorder was triggered whenever the phone rung. According to Lewis, anyone could go to his ex-wife's home and see that the recorder was in place. Lewis justified his actions based on his fear that his ex-wife was cheating on him and that she had purportedly begun to lie to him. To discover to whom she was placing calls, Lewis also placed a "decoder" on his computer.

The revocation hearing was continued by the court, but during the continuance, Lewis was again arrested for violating the terms of the protection order. When the hearing resumed, Lewis told the court that "[i]t was totally clear to me that I was not to have any contact with [my ex-wife]." Based on the testimony at the hearings, the court found that Lewis had violated § 5-60-120(a), Arkansas's interception and recording law, which reads as follows:

> It shall be unlawful for a person to intercept a . . . telephonic communication, defined as communications that utilize the electromagnetic spectrum frequencies of forty-six to forty-nine megahertz (46-49 mghz.) generally used by cordless telephone technology and eight hundred forty to eight hundred eighty megahertz (840-880 mghz.) generally used by cellular telephone technology, and to record or possess a recording of such communication unless such person is a party to the communication or one (1) of the parties to the communication has given prior consent to such interception and recording.

Under the plain language of this section, it was unlawful for Lewis to intercept his ex-wife's telephone conversations or record or possess a recording of such communication, unless Lewis was a party to the communication or one of the parties to the communication gave prior consent. Although there are exceptions provided under the law, none of them apply in this case. *See* Ark. Code Ann. § 5-60-120(c)(1)-(3) (Repl. 1997). A violation of the provision is a Class A misdemeanor. Ark. Code Ann. § 5-60-120(b) (Repl. 1997).

In this case, Lewis admits he placed a recording device on his ex-wife's telephone and recorded her incoming and outgoing calls. Lewis also kept some of the recordings in his home. Based on a preponderance of the evidence and the plain language contained in § 5-60-120(a), we cannot say that the trial court's decision in finding Lewis guilty is clearly against the preponderance of the evidence. Therefore, we affirm.