Luther SHAVERS III *v.* STATE of Arkansas

CA CR 98-897                                    991 S.W.2d 622

Court of Appeals of Arkansas
Division II
Opinion delivered April 28, 1999

*Maxie G. Kizer*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

JUDITH ROGERS, Judge. Appellant is appealing from the revocation of his suspended sentence. On appeal, he argues that the trial court erred in sentencing him to serve more than the time remaining on the original sentence imposed by the trial court. We affirm.

On February 2, 1995, appellant entered a plea of guilty to breaking or entering. An order entitled "Judgment and Commitment Suspended Sentence" entered on February 8, 1995, provided:

> [Appellant] is hereby sentenced to serve a term of (5) five years in the Arkansas Department of Correction.
>
> However, imposition of sentence is suspended conditioned on [appellant's] paying the fine and court cost ordered herein, and [appellant] is placed under the supervision of a probation officer of the Adult Probation Department, and [appellant] shall comply with their rules and regulations and with all conditions or probation prescribed by the Court.

The trial court then entered a subsequent order purporting to amend the previous order on the State's motion to convert the fine to restitution payments.

On July 31, 1996, the State filed a petition to revoke. On December 16, 1996, appellant entered a guilty plea to the petition, and the trial court sentenced him to five years, with imposition of the sentence suspended.

On August 4, 1997, the State filed another petition to revoke. After a revocation hearing, the trial court concluded that appellant had violated the conditions of his suspended sentence and sentenced him to the Arkansas Department of Correction for the balance of the suspended sentence imposed on December 16.

Appellant's sole argument on appeal is that his current sentence is illegal because the trial court actually imposed a sentence and then suspended execution of the sentence in the February 1995 order. He contends that as a consequence any sentence imposed upon revocation was limited to the remainder of the sen-

tence imposed in 1995, rather than the balance of the suspended sentence imposed in December 1996. We address only appellant's specific argument on appeal.

Appellant relies on the holding in *Lewis v. State,* 62 Ark. App. 150, 970 S.W.2d 299 (1998), as support for his argument. However, that opinion was reversed by the Arkansas Supreme Court in *Lewis v. State,* 336 Ark. 469, 986 S.W.2d 95 (1999). The defendant in *Lewis* entered a plea of guilty pursuant to Act 346 of 1975, the First Offenders Act, codified at Ark. Code Ann. § 16-93-303 (Supp. 1997). His punishment was "fixed at three (3) years in the Arkansas Department of Correction, with imposition of said sentence suspended" conditioned on Lewis's compliance with the terms of supervised probation. Upon revocation, the trial court sentenced Lewis to ten years of imprisonment, with seven years suspended.

Lewis argued that the sentence imposed was illegal because the trial court sentenced him to a period of imprisonment greater than the fixed term remaining on the suspended sentence. His argument was based on the premise that the trial court actually sentenced him to three years of imprisonment rather than placing him on probation, and that because the trial court then suspended the three-year sentence, it could not later revoke the suspended sentence and impose a new sentence.

The supreme court held that Lewis clearly entered his guilty plea pursuant to the probation terms under Act 346, and was given probation conditions that specifically referred to the act under which no adjudication of guilt or sentence is imposed. The court further noted that although Lewis's original order indicated that the three-year term was "fixed" by the trial court, the order provided that imposition of sentence was suspended — not that *execution* of the sentence was suspended. The court held that the trial court correctly sentenced Lewis since once the State was able to show by a preponderance of the evidence that Lewis failed to comply with the conditions of his probation, the trial court was authorized to impose any sentence on him that might have been

imposed originally for the offense of which he was found guilty. *See* Ark. Code Ann. § 5-4-309(d) and (f) (Repl. 1997).

■ ■ Judgments are generally construed like other instruments; the determinative factor is the intention of the court, gathered from the judgment itself and the record, including the pleadings and the evidence. *DeHart v. State*, 312 Ark. 323, 849 S.W.2d 497(1993). In the case at bar, the 1995 order indicated that imposition of sentence was suspended — not that execution of the sentence was suspended, and that the suspension was conditioned upon appellant's compliance with certain terms. Here, as in *Lewis*, the trial court's usage of the language suspended imposition of sentence reveals that the trial court intended no sentence to be entered, and showed only that appellant was required to comply with the conditions of his suspended sentence. *See Lewis*, 336 Ark. at 475, 986 S.W.2d at 99. Thus, we conclude that it was the intention of the trial court to suspend imposition of appellant's sentence, not impose an actual sentence.

■ Appellant entered a plea of guilty to a class D felony, breaking or entering, for which the term of imprisonment is not more than six years. *See* Ark. Code Ann. § 5-4-401(a)(5). Thus, consistent with § 5-4-309(f), the trial court properly sentenced appellant to forty-seven months and nineteen days of imprisonment, a term less than the six years to which it could have originally sentenced him.

Affirmed.

HART and STROUD, JJ., agree.