SLIP OPINION                Cite as 2013 Ark. App. 716

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–13–463

TIMOTHY JOE KENDRICK

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** December 4, 2013

APPEAL FROM THE YELL COUNTY CIRCUIT COURT, NORTHERN DISTRICT
[NO. CR-2011-55]

HONORABLE JERRY RAMEY, JUDGE

AFFIRMED AND REMANDED WITH INSTRUCTIONS

## RHONDA K. WOOD, Judge

Appellant Timothy Joe Kendrick argues that the circuit court erred in revoking his probation by not considering certain factors in determining that his nonpayment of restitution, fines, and fees was inexcusable and by not checking a box on the judgment form. We find no error and affirm.

On February 23, 2012, Kendrick pleaded guilty to the charge of theft-of-property and received a sentence of seventy-two months' probation subject to written conditions that included the payment of court costs, fines, fees, and restitution. The State filed a petition for revocation alleging that Kendrick had violated the terms and conditions of his probation by failing to make any payments on his court-ordered restitution and fines, failing to pay his supervision fees, and receiving new felony charges. After a revocation

SLIP OPINION

hearing, the circuit court found by a preponderance of the evidence that Kendrick had inexcusably violated the conditions of his probation by not paying his restitution, fines, and fees, and sentenced him to six years in the Arkansas Department of Correction.[1]

Kendrick argues for the first time on appeal that the circuit court erred by revoking his probation because it did not consider the factors listed in Ark. Code Ann. § 5-4-205(f)(3) when determining that he had inexcusably violated the terms of his probation by failing to pay the fees, fines, and restitution. It is well settled that an appellant must raise and make any arguments, even constitutional ones, at trial in order to preserve it for appeal. *Strong v. State*, 372 Ark. 404, 277 S.W.3d 159 (2008). Because he did not raise the argument below, it is not preserved for appeal and cannot be reached by this court.

Additionally, Kendrick contends that there was not enough evidence for the judge to make a determination on those statutory factors. We find that there was sufficient evidence for the court to make the decision that he inexcusably violated the terms and conditions of his probation. At Kendrick's revocation hearing, his conditions of probation were introduced into evidence. Lisa Wells, Kendrick's probation officer, testified that as of the date of the violation report, Kendrick had not made any payments on his restitution or fine and was delinquent on his supervision fees. Kendrick did not testify at the hearing nor did he present any evidence that he was unable to pay the restitution, fine, and fees. Our law is clear that a defendant may not "sit back and rely totally upon the trial court to make inquiry into his excuse for nonpayment." *Hanna v. State*, 2009 Ark. App. 809, 372

---

[1]The circuit court chose not to consider the new criminal charges filed against Kendrick as that case was still pending at the time of the revocation hearing.

S.W.3d 375. Because Kendrick failed to offer any excuse for nonpayment, we affirm the circuit court on this point.

Kendrick also argues that the court failed to enter a proper judgment, which resulted in an illegal sentence. His basis for this argument is that the circuit court neglected to check one of the three boxes on the sentencing order in the "Legal Statements" section indicating the circumstances under which judgment was entered against him. Judgments are generally construed in the same manner as other instruments, and the determinative factor is the intention of the court, which is derived from the judgment and the record. *Lewis v. State*, 336 Ark. 469, 475, 986 S.W.2d 95, 99 (1999). The court in *Lewis* noted that "it is to be presumed that a defendant has been accorded a fair trial, and that the judgment of conviction is valid." *Id*. Clerical errors do not prevent enforcement of a judgment. *Vance v. State*, 2011 Ark. 243, 383 S.W.3d 325. Here, it is clear from reading the sentencing order that judgment was entered based on Kendrick's negotiated plea on the underlying theft–of–property charge, and Kendrick was found guilty of a probation violation and sentenced by the court. Moreover, all three of the boxes under "Legal Statements" that could have been checked provide that a judgment is entered; there is no potential selection that results in a judgment not being entered. There is no question that the circuit court entered a judgment against Kendrick, and a clerical error does not make the judgment entered improper nor does it make his sentence illegal. While we affirm on this point, we remand with instructions for the trial court to enter a corrected, completed sentencing order.

Affirmed and remanded with instructions.

GLOVER and HIXSON, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.