David A. BRAMUCCI v. STATE of Arkansas

CA CR 01-235                                        62 S.W.3d 10

Court of Appeals of Arkansas
Division IV
Opinion delivered November 28, 2001

*John W. Cone*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. Appellant, David Bramucci, appeals the revocation of his suspended sentence. Appellant argues that because his original sentence was illegal, the violation of the conditions of the suspension could not form the basis of the additional sentence imposed by the court. We disagree and affirm.

Appellant entered a plea of guilty on January 9, 1996, to a charge of possession of a controlled substance, a Class C felony. The same day, the trial court entered an order styled, "Order of Probation or Suspending Imposition of Sentence, or Judgment and Commitment," sentencing appellant to "10 years to be served at hard labor in the Department of Correction of which 8 years is suspended." On November 13, 2000, the State filed a petition to revoke the suspended sentence, and a hearing was held on November 28, 2000. The court determined that appellant had violated the

conditions of his suspended sentence and sentenced him to an additional fifty-two months of incarceration. From that order comes this appeal.

■ ■ Questions of law are reviewed under a *de novo* standard of review. *See, e.g., Moses v. State,* 72 Ark. App. 357, 395 S.W.3d 459 (2001). In *Meadows v. State,* 320 Ark. 686, 899 S.W.2d 72 (1995), our supreme court stated that sentencing in Arkansas is entirely a matter to be effected in accordance with the statute in effect at the time the crime was committed. Arkansas Code Annotated section 5-4-104(e)(3) (Repl. 1997) provides that "the court may sentence the defendant to a term of imprisonment and suspend imposition of sentence as to an additional term of imprisonment." Upon revocation, the court may, in accordance with Ark. Code Ann. § 5-4-309(f)(1)(A) (Supp. 1999) "enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he was found guilty."

■ ■ Judgments are generally construed in the same manner as other instruments. The determinative factor is the intention of the court, which is derived from the judgment and the record. *Lewis v. State,* 336 Ark. 469, 475, 986 S.W.2d 95, 99 (1999). The court in *Lewis* noted that "it is to be presumed that a defendant has been accorded a fair trial, and that the judgment of conviction is valid." *Id.* Likewise, "there is a presumption of regularity attendant upon every judgment of a court of competent jurisdiction." *Coleman v. State,* 257 Ark. 538, 541, 518 S.W.2d 487, 489 (1975). This strong presumption of validity applies to criminal convictions and sentences, which entitles them to every reasonable intendment in their favor. *Id.* Absent a contradictory showing, a presumption arises when a sentence is pronounced that the circuit court did its duty according to the statutes unless the court's failure to do so appears on the face of the judgment. *Id.*

Appellant argues that his 1996 sentence was an illegal sentence because it suspended the execution of the sentence, which is prohibited by Ark. Code Ann. § 5-4-104(e)(1)(B)(ii). Thus, on revocation, the court could not sentence him to fifty-two months of imprisonment, but could only sentence him to the time remaining on his suspended sentence. *See Meadows v. State,* 324 Ark. 505, 922 S.W.2d (1996). The calculation of appellant's eight-year term is governed by Ark. Code Ann. § 5-4-307 (Repl. 1997), which provides, "if the court sentences the defendant to a term of imprisonment and suspends imposition of sentence as to a term of imprisonment, the period of suspension commences to run on the day the

defendant is lawfully set at liberty from the imprisonment." Appellant has failed to provide us with the exact date of his release from incarceration, and we are unable to determine the exact time that remains on the eight-year term. However, for the purpose of this opinion, we assume that the time remaining on the eight-year sentence is less than fifty-two months if the execution of the sentence was suspended.

To support his assertion that the sentence was a suspended execution as opposed to a suspended imposition of sentence, appellant points out that the form used by the court during sentencing did not contain the actual words "suspended imposition" in the line used to sentence him. Instead the completed order provides, "sentenced to 10 years to be served at hard labor in the Department of Correction of which 8 years is suspended." He also notes that the line on the form order containing the words "imposition of sentence is suspended for ___ years" was left blank. Relying heavily on these undisputed facts, appellant asserts that the court failed to fill in the appropriate blanks and to specifically designate that it was suspending the imposition of the sentence. Thus, the order provided for a suspended execution of the sentence as opposed to a suspended imposition of the sentence.

It is apparent that the court did not fill out the line specifically referencing suspended imposition of sentence. It is equally apparent that the line did not contain separate spaces for the time to be served and the time suspended. While the line that was filled out by the court refers only to "suspended" sentence, the document is titled an "Order of Probation or Suspending Imposition of Sentence, or Judgment and Commitment." Arkansas Code Annotated section 5-4-101(1)(Supp. 1999) defines "suspension" and "suspend imposition of sentence" identically.[1] Moreover, as was pointed out at the revocation hearing, a second judgment and commitment dated ten days after the original was prepared by the clerk's office and did contain the words "8 YRS" typed into the space under the subheading SIS (suspended imposition of sentence). Any confusion created by the original order dated January 9, 1996, was clarified by the judgment filed ten days later on January 19th, which included language specifying the number of years for the suspended imposition of sentence.

---

[1] Ark. Code Ann. § 5-4-101(1) states: "Suspension" or "suspend imposition of sentence" means a procedure whereby a defendant who pleads or is found guilty of an offense is released by the court without pronouncement of sentence and without supervision.

■ Because the sentencing court's intention is clearly reflected in the court's orders, we cannot agree with appellant that the sentencing was illegal. Therefore, we affirm.

Affirmed.

VAUGHT and BAKER, JJ., agree.