John William "Bill" SEAMSTER *v.* STATE of Arkansas

CA CR 07-815 288 S.W.3d 723

Court of Appeals of Arkansas
Opinion delivered October 29, 2008

*Sam Sexton, III*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Leaann J. Irvin*, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. John William "Bill" Seamster, Jr., appeals the revocation of his suspended imposition of sentence (SIS) for first-degree sexual abuse. On appeal, he argues (1) the circuit court did not have jurisdiction to revoke his SIS because the revocation was for conduct occurring before the period of suspension had begun to run; (2) the 2001 judgment made the RSVP[1] (Reduction of Sexual Victimization Program) a condition of imprisonment, not a condition of his SIS or, alternatively, if completion of RSVP is deemed to be a condition of the SIS, then the sentence is illegal; and (3) the circuit court erred in finding that he failed to comply with the terms and conditions of his SIS. We hold that Seamster's second and third points have merit, and we reverse and dismiss.

---

[1] RSVP is the Arkansas Department of Correction's course of treatment for incarcerated sexual offenders. RSVP is only available to incarcerated inmates.

On February 21, 2001, Seamster pleaded nolo contendere to two counts of first-degree sexual abuse. As part of his plea, he agreed to serve six years in the Arkansas Department of Correction on one count, receive a ten-year suspended imposition of sentence (SIS) on the other, and complete RSVP. Appended to the judgment and commitment order was a document styled "ADDITIONAL TERMS/CONDITIONS OF DISPOSITION." In pertinent part, it stated: "DEFENDANT IS TO ENROLL IN, AND COMPLETE RSVP PROGRAM PRIOR TO BEING RELEASED FROM ADC. SENTENCES ARE TO RUN CONCURRENT." Seamster was given a separate document styled "Conditions of Suspension or Probation." In addition to the standard conditions of suspension, he was ordered to have no contact with the victims or their family and to "complete aftercare program as may be ordered or recommended by RSVP Program."

Seamster reported to the Department of Correction and began to serve his six-year sentence. During his incarceration, he was not allowed to participate in RSVP because he did not comply with a requirement that he admit his guilt as condition of enrollment. After serving his entire six-year sentence, Seamster was released on March 6, 2007. On March 14, 2007, the State petitioned to revoke his SIS, alleging that Seamster "failed to complete the RSVP Program and has failed to comply with the After Care Program." The trial court granted the petition and sentenced Seamster to six more years in the Arkansas Department of Correction. He now appeals that order.

We need only focus on Seamster's second and third points, which due to their complementary nature, we will address together. Seamster cites Arkansas Code Annotated section 5-4-303(g) (Repl. 2006), which states: "If the court suspends imposition of sentence on a defendant . . . the defendant shall be given a written statement explicitly setting forth the conditions under which he or she is being released." He argues that participation in the RSVP was not included on the document entitled, "Conditions of Suspension or Probation," but rather on a sheet appended to the judgement and commitment order that was captioned "ADDITIONAL TERMS/CONDITIONS OF DISPOSITION." Construing the judgment as written yields the only logical conclusion that participation in RSVP was therefore, not a condition of SIS, but rather, a condition of incarceration. Arguing in the alternative, Seamster states that even if participation in

RSVP was a condition, his failure to complete the program could not justify the revocation of his SIS because it was not an inexcusable violation because he was refused entry into the program simply because he would not admit his guilt. Seamster acknowledges that participation in the Aftercare Program was a condition of his suspended imposition of sentence, but nonetheless asserts that the circuit court erred in finding that he failed to comply with the terms and conditions of his suspended sentence. In his reply brief, he expounded on his argument that the trial court erred in finding that he violated a term of his SIS. He notes that he was required to complete the Aftercare Program "*as May be Ordered or Recommended by RSVP Program*," but asserts that the "State has never contended that an aftercare program was ordered or recommended by the RSVP Program" for him.[2] We agree.

In order to construe judgments, we look for the intention of the court, which is derived from the judgment and the record. *Bramucci v. State*, 76 Ark. App. 8, 62 S.W.3d 10 (2001). It is obvious to us from the record that participation in RSVP was a condition of Seamster's incarceration, not of his SIS. Accordingly, the trial court erred in finding that Seamster's failure to complete RSVP justified revoking his SIS. Furthermore, we agree that there is no evidence that Seamster violated any other condition — specifically, there is no proof that he was ever ordered or recommended to participate in the Aftercare Program. Consequently, there was no demonstrated violation of the terms and conditions of Seamster's SIS. Because we are required to construe criminal statutes strictly, and resolve any doubts in favor of the defendant, we hold that the trial court erred in revoking Seamster's SIS. *See Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003).

Reversed and dismissed.

GLADWIN, HUNT, and BAKER, JJ., agree.

PITTMAN, C.J., and HEFFLEY, J., dissent.

---

[2] The dissent posits that Seamster did not challenge the finding that he failed to participate in aftercare until his reply brief. We disagree. As we note, in his main brief he explained that he was denied entry into RSVP and that the State failed to prove that he violated a term or condition of his SIS. It was apparent from his argument, and made manifest in his reply brief that if he was not admitted into RSVP, he could not be ordered to participate in or be recommended for an aftercare program.

SARAH J. HEFFLEY, Judge, dissenting. The Arkansas Supreme Court has repeatedly held that an argument cannot be made for the first time in a reply brief. *Owens v. State*, 354 Ark. 644, 128 S.W.3d 445 (2003). While there is much to disagree with in the majority opinion, I dissent primarily because the majority violates this principle in reversing the revocation of appellant's suspended imposition of sentence.

As part of a plea agreement, appellant pled *nolo contendere* to two counts of sexual abuse in the first degree. As per the judgment and commitment order entered on February 23, 2001, appellant was sentenced to six years in prison on one count, and the court suspended imposition of sentence for ten years on the other. When appellant finished serving his six-year term of imprisonment, the State filed a petition to revoke his suspended sentence alleging that appellant had violated two conditions of the suspended sentence. The first condition involved appellant's failure to participate in the RSVP program, and the second concerned his failure to enter an after-care program once he got out of prison. At the hearing, the State presented evidence that appellant did not enter the RSVP program because he refused to admit his guilt to sexual misconduct, which was a requirement for participating in the program. With respect to the after-care program, testimony was presented as to appellant's eleventh-hour attempts to enroll in a program. Based on the evidence, the trial court revoked appellant's suspended imposition of sentence. From that decision, comes this appeal.

In reversing, the majority holds that the condition requiring appellant's participation in the RSVP program was a condition of appellant's incarceration, but not his suspended sentence. Further, the majority recognizes that participation in an after-care program was a condition of appellant's sentence, but the majority reasons that appellant could not have violated this condition because his participation in an after-care program was contingent on it being ordered by the RSVP program, which he did not attend. The majority thus holds that the trial court erred by revoking appellant's suspended sentence on both grounds.

The problem with this approach is that appellant's three arguments on appeal are devoted *exclusively* to the RSVP condition. Appellant's opening brief contains *not a single, solitary word* of argument contesting the finding that he violated the condition requiring him to participate in an after-care program. It is only in his reply brief that appellant raises the issue of the sufficiency of the

evidence to support the trial court's finding that appellant inexcusably failed to abide by the after-care condition.[1]

The State need only prove that the defendant committed one violation of the suspended sentence. *Rudd v. State*, 76 Ark. App. 121, 61 S.W.3d 885 (2001). When a trial court bases its decision on two independent and alternative grounds, and the appellant challenges only one on appeal, the trial court's ruling must be affirmed, and we do so without addressing the merits of either ground. *Coleman v. Regions Bank*, 364 Ark. 59, 216 S.W.3d 569 (2005); *Pugh v. State*, 351 Ark. 5, 89 S.W.3d 909 (2002); *Pearrow v. Feagin*, 300 Ark. 274, 778 S.W.2d 941 (1989); *Camp v. State*, 66 Ark. App. 134, 991 S.W.2d 611 (1999). Accordingly, I would affirm the trial court's decision because appellant has challenged only one of the grounds found by the trial court to warrant revocation. And, appellant's attempt to challenge the other ground in his reply brief comes too late. This is not a case where an appellant is merely responding in a reply brief to assertions made in the brief of the appellee. In order to prevail on appeal, it was absolutely necessary for appellant to challenge both grounds that formed the basis of the trial court's decision, and it was incumbent on him to do so in his opening brief. *See Ayala v. State*, 365 Ark. App. 192, 226 S.W.3d 766 (2006).

Although it is wholly unnecessary to discuss any other issue, I will comment on the majority's conclusion that appellant's participation in the RSVP program was not a condition of appellant's suspended sentence. My review of the record and the applicable law convinces me that appellant was serving a suspended imposition of sentence while he was also serving a term of imprisonment and that one of the terms of his suspended sentence required him to participate in the RSVP program.

As stated earlier, appellant was sentenced to six years in prison on one count of sexual abuse in the first degree, and the court suspended imposition of sentence for ten years on the other count of sexual abuse in the first degree. The trial court ordered the sentences to be served concurrently, as required by law.

---

[1] I consider this a sufficiency-of-the-evidence issue. Should the majority believe otherwise, their position is not improved because the argument appellant raises in his reply brief, which is accepted by the majority, is being raised for the first time on appeal. It is consistently held that a party is bound by the scope of arguments made at trial, and we will not consider an argument made for the first time on appeal. *Watson v. State*, 358 Ark. 212, 188 S.W.3d 921 (2004).

Arkansas Code Annotated section 5-4-307(b)(2) (Repl. 2006) expressly provides that the "period of a suspension or probation also runs concurrently with any federal or state term of imprisonment or parole to which a defendant is or becomes subject to during the period of the suspension or probation." Consequently, appellant was serving his ten-year suspended imposition of sentence at the same time he was serving the six-year term of imprisonment. Pursuant to Arkansas Code Annotated section 5-4-307(a), when a defendant is simultaneously serving both a period of incarceration and a suspended imposition of sentence, the period of suspension commences on the day it was imposed. *Richardson v. State*, 85 Ark. App. 347, 157 S.W.3d 536 (2004). It is only when a term of imprisonment is *followed* by a period of suspension that the period of suspension commences to run on the day the defendant is lawfully set at liberty from the imprisonment. Ark. Code Ann. § 5-4-307(c). *See Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003). With that said, appellant's argument that his suspended sentence was revoked for conduct occurring before the suspension began is shown to be without merit, as appellant began serving the suspended sentence on the day it was imposed.

Arkansas Code Annotated section 5-4-309(d) (Repl. 2006) provides that "[i]f a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, the court may revoke the suspension at any time prior to the expiration of the period of suspension or probation." With regard to the terms of probation or suspension, Ark. Code Ann. § 5-4-303(g) requires the defendant to be given a written statement explicitly setting forth the conditions under which he or she is being released. The trial court found that participation in the RSVP program was a condition of appellant's suspended imposition of sentence and that he inexcusably failed to abide by that condition. The majority considers the trial court's interpretation of the record to be wrong by holding that participation in the program was a condition of appellant's incarceration, but not his suspended imposition of sentence. I disagree with that conclusion.

A trial court has the authority, when suspending imposition of sentence or placing a defendant on probation, to impose conditions "as are reasonably necessary to assist the defendant in leading a law-abiding life." Ark. Code Ann. § 5-4-303(a) (Repl. 2006). Specifically, a trial court may require the defendant to satisfy any condition reasonably related to the rehabilitation of the

defendant. Ark. Code Ann. § 5-4-303(c)(10). RSVP is a rehabilitative program for the treatment of sex offenders. Thus, requiring appellant to participate in this program is a valid condition of a suspended sentence. That this program is one available to prison inmates does not make it any less of a condition of a suspended imposition sentence for a defendant who is serving both a term of imprisonment and a suspended sentence.

Secondly, it is plain to me that participation in the RSVP program was a condition of appellant's suspended imposition of sentence. The plea statement executed by appellant includes the requirement that he participate in the RSVP program. Attached to the judgment and commitment order is a document entitled "ADDITIONAL TERMS/CONDITIONS OF DISPOSITION." This document includes conditions that are reasonably related to a defendant who is simultaneously serving a suspended sentence and a period of incarceration. It notes that the suspended time is conditioned on good behavior and includes the statement that any violation of the terms and conditions of the suspended imposition of sentence may result in revocation or a finding of contempt. Immediately following these provisions is the category of "OTHER," which states "DEFENDANT IS TO ENROLL IN, AND COMPLETE RSVP PROGRAM PRIOR TO BEING RELEASED FROM ADC." The record also contains the terms and conditions of appellant's suspended sentence that are reasonably related to the period of suspension remaining after the completion of his prison term. This document includes the special condition that appellant "complete aftercare program as may be ordered or recommended by RSVP program."

When the two documents setting forth the terms and conditions of appellant's suspended sentence are read together, it is abundantly clear that the suspended sentence was conditioned on appellant's participation in the RSVP program. Appellant clearly understood this requirement, as shown by the fact that he requested admittance to the program. I would hold that participation in the RSVP program was a condition of appellant's suspended sentence.

PITTMAN, C.J., joins in this opinion.