2009 Ark. 258

**John William "Bill" SEAMSTER, Jr., Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 08–1331.**

Supreme Court of Arkansas.

May 7, 2009.

Rehearing Denied June 18, 2009.

Sam Sexton, III, Fort Smith, for appellant.

Dustin McDaniel, Att'y Gen., by LeaAnn J. Irvin, Ass't Att'y Gen., for appellee.

ELANA CUNNINGHAM WILLS, Justice.

This court granted the State's petition to review a decision by the court of appeals in *Seamster v. State,* 103 Ark.App. 305, 288 S.W.3d 723 (2008). At issue is whether the Crawford County Circuit Court erred in revoking appellant Seamster's suspended imposition of sentence (SIS) for first-degree sexual abuse because he failed to complete the Reduction of Sexual Victimization Program (RSVP)—a course of treatment for sexual offenders incarcerated in the Arkansas Department of Correction (ADC). The court of appeals reversed the circuit court, holding that the requirement for Seamster to complete RSVP was solely a "condition of incarceration," rather than a condition of his SIS.[1] We affirm the circuit court's order revoking Seamster's SIS.

Seamster entered a plea of nolo contendere to two counts of first-degree sexual abuse on February 21, 2001. As part of his plea, Seamster agreed to a recommended sentence of six years of incarceration in the ADC on one count, and ten years' SIS on the second count. Further, in Seamster's signed "Plea Statement," he

---

1. The court of appeals also agreed with Seamster's contention that no other grounds for revocation of his SIS existed, concluding that, although one condition of Seamster's SIS required him to "complete Aftercare Program as may be ordered or recommended by RSVP Program," RSVP never ordered or recommended such action.

agreed to complete RSVP. In a separate document entitled "Conditions of Suspension or Probation" that Seamster also signed on February 21, 2001, he agreed to "complete Aftercare Program as may be ordered or recommended by RSVP program." Under the terms of the negotiated plea, the circuit court entered a judgment and commitment order on February 23, 2001, sentencing Seamster to six years of incarceration in the ADC on one count of sexual abuse, and ten years' SIS on the other count. On page four of the judgment and commitment order, a document entitled "Additional Terms/Conditions of Disposition" included the following provision: "DEFENDANT IS TO ENROLL IN, AND COMPLETE RSVP PROGRAM PRIOR TO BEING RELEASED FROM ADC. SENTENCES ARE TO RUN CONCURRENT."

Seamster was released from incarceration on March 6, 2007, after completing his six-year sentence. On March 14, 2007, the Crawford County Prosecuting Attorney filed a petition to revoke Seamster's SIS because he "failed to complete the RSVP Program, and has failed to comply with the After Care Program." The circuit court granted the petition and sentenced Seamster to an additional six years in prison. On appeal, the court of appeals held in a 4–2 opinion that "[i]t is obvious to us from the record that participation in RSVP was a condition of Seamster's incarceration, not his SIS. Accordingly, the trial court erred in finding that Seamster's failure to complete RSVP justified revoking his SIS." *Seamster*, 103 Ark.App. at 307, 288 S.W.3d at 725.

■ When this court grants a petition for review of a court of appeals decision, we review the case as though it had originally been filed with this court. *Brookshire v. Adcock*, 2009 Ark. 207, 307 S.W.3d 22. The State bears the burden in a revocation proceeding to prove a violation of a condition of the suspension by a preponderance of the evidence. Ark.Code Ann. § 5–4–309(d) (Repl.2006). Upon review, the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Thompson v. State*, 342 Ark. 365, 28 S.W.3d 290 (2000). Evidence that is insufficient to support a criminal conviction can be sufficient to support revocation of a suspended sentence. *Id.* This court reviews issues of statutory interpretation de novo, because it is for this court to determine the meaning of a statute. *McCutchen v. Ark. State Police*, 2009 Ark. 204.

■ Seamster raises three points on appeal. He first argues that the trial court lacked jurisdiction to revoke his SIS, because the conduct asserted by the State as grounds for revocation occurred while he was incarcerated, before his suspended sentence actually began. Seamster cites Ark.Code Ann. § 5–4–307(c) (Repl.2006), which provides that "[i]f a court sentences a defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment, the period of the suspension commences to run on the day the defendant is lawfully set at liberty from the imprisonment."

Seamster relies principally on the decision in *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003), to support his argument that the period of his suspended sentence did not commence until his release from incarceration. *Harness*, however, is distinguishable from the facts of the present case. In *Harness*, the appellant received a sentence of imprisonment with an additional period of suspended sentence for a *single* crime. Seamster, by contrast, received a sentence of imprisonment for one crime, and a suspended sentence for his second crime. Under § 5–4–307(a), "[e]xcept as provided in subsection (c) of this section, a

period of suspension or probation commences to run on the day it is imposed," and § 5–4–307(b)(2) provides that "[t]he period of a suspension or probation also runs *concurrently* with any federal or state term of imprisonment or parole to which a defendant is or becomes subject to during the period of the suspension or probation." (Emphasis added.) In this case, Seamster's judgment and commitment order imposed a six-year term of imprisonment to be served concurrently with a ten-year SIS. Accordingly, the circuit court did not lack jurisdiction to revoke Seamster's SIS because he failed to complete RSVP; the conduct did not occur prior to the SIS.

█ For his second point on appeal, Seamster argues the requirement to complete RSVP was a "condition of the sentence of imprisonment"—not a condition of his SIS. He contends that "the 'Conditions of Suspension or Probation' form, which [he] was entitled to rely upon as containing the written terms of the suspended imposition of sentence, did not contain any requirement that [he] complete the RSVP Program, but instead required that he '[c]omplete Aftercare Program as may be ordered or recommended by RSVP Program.'" Seamster asserts that the requirement to complete RSVP was a "condition of the sentence of imprisonment that could only be completed by being in prison," and, therefore, "there was no need to put the condition in the 'Conditions of Probation and Suspension Form' because it was not part of the conditions of the suspended imposition of sentence."

Under Ark.Code Ann. § 5–4–303(g), "[i]f the court suspends imposition of sentence on a defendant … the defendant shall be given a written statement explicitly setting forth the conditions under which he or she is being released." Seamster signed the "Conditions of Suspension or Probation"

document, which included the following acknowledgment:

I hereby certify that I have read, understand and will comply with the terms and conditions of my suspension or probation. I understand that if I violate any of the conditions set out in this agreement, the court can revoke my suspension or probation, and impose any sentence on me that it might have imposed originally for the offense for which I was declared guilty.

Immediately preceding Seamster's signed acknowledgment, a section of the document entitled "Special Conditions" stated: "1. DEFENDANT TO HAVE *NO* CONTACT W/ VICTIMS OR FAMILY"; and "2. COMPLETE AFTERCARE PROGRAM AS MAY BE ORDERED OR RECOMMENDED BY RSVP PROGRAM."

Review of the record shows that the requirement for Seamster to complete RSVP was a condition of his suspended sentence. Although the requirement for Seamster to complete the Aftercare program after release from incarceration was contingent upon a determination by RSVP—"AS MAY BE ORDERED OR RECOMMENDED BY RSVP PROGRAM"—this special condition of Seamster's SIS clearly required his completion of RSVP. This conclusion is reinforced by the fact that Seamster's signed plea statement required him to complete RSVP. Further, this court has stated that "judgments are generally construed like other instruments and the determinative factor is the intention of the court, gathered from the judgment itself and the record, including the pleadings and the evidence." *Lewis v. State*, 336 Ark. 469, 475, 986 S.W.2d 95, 98 (1999) (citing *DeHart v. State*, 312 Ark. 323, 849 S.W.2d 497 (1993)). Here, the circuit court's judgment and commitment order included the "Additional

Terms/Conditions of Disposition" that listed the terms of the SIS—including the explicit requirement for Seamster "TO ENROLL IN, AND COMPLETE RSVP PROGRAM PRIOR TO BEING RELEASED FROM ADC."[2] Accordingly, completion of RSVP was a condition of Seamster's SIS, not a "condition of imprisonment" as he argues.[3]

Alternatively, Seamster contends that, if the requirement to complete RSVP was a condition of his SIS, then it resulted in an illegal sentence because "including the RSVP Program as a condition of a suspended imposition of sentence necessarily requires imprisonment for much longer than the 120–day limit set forth in Ark.Code Ann. § 5–4–304(d)."[4] Sentencing is entirely a matter of statute, *see* Ark.Code Ann. § 5–4–104(a) (Repl.2006), and a sentence is void or illegal when the trial court lacks the authority to impose it, *Donaldson v. State*, 370 Ark. 3, 257 S.W.3d 74 (2007).

Section 5–4–304 allows a trial court to impose a period of confinement of up to 120 days in "the county jail, city jail, or other authorized local detentional, correctional, or rehabilitative facility" as part of a suspended sentence or probation. Ark. Code Ann. § 5–4–304(a). In *Harness*, 352 Ark. at 340–41, 101 S.W.3d at 239, this court noted that the original commentary to § 5–4–304 "explains that this section recognized the practice of Arkansas judges

to use the shock of a short period of incarceration to enhance the effectiveness of a subsequent period of suspension or probation by giving the offender a 'taste' of imprisonment."

The 120–day limitation for confinement as a condition of SIS or probation under § 5–4–304(d) is inapplicable here. Seamster was not sentenced to a period of confinement in a county jail, city jail, or other local detention facility under § 5–4–304(d) as a condition of his suspended sentence. Instead, he was sentenced to a six-year term of imprisonment in the ADC on one count, along with a ten-year concurrent, suspended sentence on a separate count. Thus, the requirement to complete RSVP as a condition of the SIS did not result in a period of confinement in excess of the limitation provided by § 5–4–304.

For his final point on appeal, Seamster essentially argues that there was no substantial evidence for the circuit court to find that he "inexcusably" violated the conditions of his SIS. Seamster asserts that he "has not located a 'written statement of the evidence relied on and the reasons for revoking suspension or probation' as required by Ark.Code Ann. § 5–4–310(b)(2)" and, therefore, it is "assumed that no such document was provided." Although Seamster acknowledges that the circuit court made an oral finding that a preponderance of the evidence showed he violated "the

---

2. The judgment and commitment order also reflected the other "Special Condition" listed in the "Conditions of Suspension or Probation" document, prohibiting Seamster from having any contact with his victims or their families.

3. Additionally, it should be noted that a court loses jurisdiction to amend or modify a sentence once it is put into execution. *E.g., Green v. State*, 2009 Ark. 113, ⸺ S.W.3d ⸺; *Gavin v. State*, 354 Ark. 425, 125 S.W.3d 189 (2003). A sentence is put into execution

when a trial court issues a judgment and commitment order. *Gates v. State*, 353 Ark. 333, 107 S.W.3d 868 (2003). Thus, it is unclear exactly what Seamster and the court of appeals mean by use of the terms "condition of a sentence of imprisonment" and "condition of incarceration" regarding Seamster's six-year sentence.

4. It appears from testimony and parties' arguments that RSVP requires approximately eighteen months to complete.

terms of his release," he contends that the circuit court "never indicated that Seamster had 'inexcusably' violated the condition, as the Court is required to find to revoke the suspended imposition of sentence."

■ To the extent that Seamster argues that the circuit court erred because it failed to provide a written statement of the evidence relied upon and the reason for revoking his SIS, that argument was never presented to the circuit court; therefore, it cannot be raised for the first time on appeal. *See Brandon v. State*, 300 Ark. 32, 776 S.W.2d 345 (1989) (holding that failure to object to circuit court's omission under § 5–4–310(b)(5) precluded our consideration).[5] Instead, Seamster argued before the circuit court that his failure to complete RSVP was "not a volitional, intentional violation of the terms and conditions of the suspended sentence." The circuit court rejected this argument and found that a preponderance of the evidence showed that Seamster violated the terms of his SIS.

■ In order to revoke probation or a suspension, the trial court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of that probation or suspension. Ark.Code Ann. § 5–4–309(d). The trial court's findings will be upheld on appeal unless they are clearly against the preponderance of the evidence; because a determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, the appellate court defers to the trial judge's superior position to make such determinations. *See Jones v. State*, 355 Ark. 630, 144 S.W.3d 254 (2004).

■ Here, it was undisputed that Seamster never completed RSVP, and evidence was presented that showed he refused to comply with the program's entry requirements, including a letter written by Seamster in which he refused to admit guilt for his crimes in order to participate in RSVP, and stated, "If you ever lift the admission of guilt [requirement] I would consider taking the program." Thus, the circuit court's finding that Seamster inexcusably violated a condition of SIS—a condition he agreed to in return for a recommended sentence of six years on one count of first-degree sexual abuse and SIS on the second count—is not clearly against the preponderance of the evidence.[6]

If a court suspends imposition of sentence or places a defendant on probation, it may impose conditions that "are reasonably necessary to assist the defendant in leading a law-abiding life," Ark.Code Ann. § 5–4–303(a), and the court may require the defendant to satisfy any condition rea-

---

5. Seamster cites Ark.Code Ann. § 5–4–310(b)(2) for the requirement that a written statement of evidence and reasons must be provided to a defendant upon revocation of a suspended sentence or probation. However, he apparently intended to refer to Ark.Code Ann. § 5–4–310(b)(5), where the provision is actually located. Section 5–4–310(b)(2) provides that a revocation hearing is to be conducted by the court that imposed the suspended sentence or probation.

6. Seamster's obligation to participate in the Aftercare program under the conditions of his SIS was contingent on whether it was "or-dered or recommended by the RSVP Program." Because Seamster never entered or completed RSVP in the first place, and because we hold that RSVP was a condition of his SIS, the Aftercare program is irrelevant to this appeal. Seamster's violation of the requirement to enroll in and complete RSVP alone is sufficient to sustain an order revoking a suspended sentence. *See* Ark.Code Ann. § 5–4–309 (Repl.2006); *see also Phillips v. State*, 101 Ark.App. 190, 272 S.W.3d 123 (2008). As a consequence, Seamster's motion to strike portions of the State's supplemental reply brief on this point is moot.

sonably related to the defendant's rehabilitation, Ark.Code Ann. § 5–4–303(c)(10). The requirement for Seamster to complete RSVP—a rehabilitative program—was a condition of his SIS, and the circuit court's finding that Seamster inexcusably violated that condition of his SIS is not clearly against the preponderance of the evidence. Accordingly, we affirm the circuit court's order revoking Seamster's SIS and reverse the court of appeals.

Circuit court affirmed; court of appeals reversed. Motion to strike dismissed as moot.