2010 Ark. App. 530
**Shawn Michael LEWIS, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 09–12.**

Court of Appeals of Arkansas.

July 1, 2009.

R.T. Starken, Cherokee Village, AR, for appellant.

Dustin McDaniel, Att'y Gen., by Valerie Glover Fortner, Ass't Att'y Gen., for appellee.

RITA W. GRUBER, Judge.

In an order filed on October 30, 2008, the Circuit Court of Sharp County revoked Shawn Michael Lewis's probation for fleeing, second-degree battery, and first-degree battery. Lewis was sentenced on the respective charges to consecutive terms of imprisonment totaling 384 months in the Arkansas Department of Correction. He now appeals the revocation. .

■ Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court (2009), appellant's counsel has filed a motion to withdraw on the ground that the appeal is wholly without merit. The motion is accompanied by a brief including both a discussion of matters in the record that might arguably support an appeal and a statement as to why counsel considers the points raised to be incapable of supporting a meritorious appeal. Lewis has filed a pro se statement of points for reversal, and the State has filed a brief asserting that his arguments are either barred or without merit.

There were two rulings by the circuit court that were adverse to Lewis: the court found that the evidence was sufficient to support the revocation, and the court denied Lewis's request for leniency and concurrent sentences. Counsel thoroughly discusses these adverse rulings and explains why they are not grounds for a meritorious appeal.

Lewis's pro se points include a challenge to the sufficiency of the evidence to support his original convictions for fleeing, battery, and possession of a controlled substance. His arguments include such issues as a coerced guilty plea, mistaken identity,

a crooked legal system, and racial prejudice by the prosecutor and judge. He challenges the length of his sentences and the court's decision to run them consecutively. Lewis asserts that he left Sober Living because he was being denied essential medical treatment, as shown by medical records of subsequent medications and hospitalizations, and that he was unable to complete probation paperwork or contact the right person.

The State correctly notes that these issues are all barred on appeal or are without merit. The guilty plea Lewis signed acknowledged the loss of his right to appeal the original offenses; furthermore, there was evidence that he did not comply with the conditions of probation. The sentences were within the statutory range allowed, and running them consecutively was within the discretion of the circuit court. *Pyle v. State*, 340 Ark. 53, 8 S.W.3d 491 (2000). Finally, the presumption of regularity attendant upon every judgment of a court of competent jurisdiction applies to criminal convictions and sentences. *Bramucci v. State*, 76 Ark. App. 8, 62 S.W.3d 10 (2001).

From our review of the record and the briefs presented to us, we find compliance with Rule 4–3(k), and we hold that there is no merit to this appeal. Accordingly, counsel's motion to withdraw is granted, and the revocation is affirmed.

Conviction affirmed; motion granted.

ROBBINS and BROWN, JJ., agree.